IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTIRCT OF TENNESSEE
AT GREENVILLE

LANCE AND CHRISTIANA TORBETT
as biological parents and next friends of
minor Plaintiff L.T.,

    Plaintiffs,

v.                                                                                               No. _____
                                                                                                JURY DEMANDED

PROVIDENCE ACADEMY,

    Defendant.

## COMPLAINT

Come the Plaintiffs, Lance and Christiana Torbett as biological parents and next friends of minor Plaintiff L.T., and sue the Defendant Providence Academy pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq,* and state law, and for their cause of action, claim and allege and as follows:

1.    Plaintiffs are citizens and residents of Washington County, Tennessee. Plaintiff, L.T. is a minor and Plaintiffs Lance and Christiana Torbett are his biological parents and next friends of the minor Plaintiff.

2.    Defendant is an educational institution as defined by Title IX of the Educational Amendments of 1972, 20 U.S.C. Section 1681, et seq. Defendant purports to provide educational services to students in grades kindergarten through twelfth grade. The minor Plaintiff was a student in the Eighth grade at Defendant's institution at the time of Defendant's unlawful conduct. Defendant is located at 2788 Carroll Creek Road,

Johnson City, Tennessee 37615. Defendant is subject to Title IX by virtue of its acceptance of financial assistance as defined by the act.

3. On February 11, 2024, the minor Plaintiff attended a Super Bowl party at an off-campus location at a fellow student's home. Several minors attended the party and were appropriately chaperoned by the homeowners and other parents of the minor children.

4. Subsequently, after the party concluded, a minor male, and fellow student made totally unsupported allegations against L.T., and others that attended the off-campus party of conduct Defendant falsely characterized as sexual harassment and assault.

5. As a result, L.T. was first wrongfully and summarily suspended by Defendant and subsequently expelled. Defendant's actions toward L.T. occurred without Defendant conducting a full and fair investigation into the alleged incident, or make any attempt to comply with due process with respect to its actions taken toward L.T.

6. Instead, the minor Plaintiff was referred to the Juvenile Court for Washington County, Tennessee for prosecution. At the instigation of the complaining minor, and Defendant, L.T. was prosecuted within the prosecuting authority requesting that he be punished, to include incarceration. L.T., and his parents, were forced to retain counsel and defend the unlawful charges brought against L.T.

7. Yet, facing the prospect of substantial fees and costs, and despite the fact that, L.T. was totally innocent of the charges against him, L.T. agreed to a best interest plea to a lesser charge which would simply place him on unsupervised probation. L.T. has since completed probation and is no longer subject to prosecution.

8. Plaintiff avers that Defendant failed to conduct a full and fair inquiry, or provide the minor Plaintiff with a modicum of due process concerning its decision making of the alleged incident. Moreover, Plaintiffs aver that Defendant failed to investigate any aspect of the complaint allegedly involving the minor Plaintiff, and others, and totally mishandled the allegation against the minor Plaintiff. Plaintiffs aver that the Defendants provided basic due process to minor prior to its decision making, the minor Plaintiff would not have been suspended or expelled, much less referred for prosecution. Then, Defendant failed to provide any due process to the minor Plaintiff prior to acting and the same approximately resulted in Defendant. Plaintiffs aver that Defendants unlawful conduct concerning the minor Plaintiff was intentionally, alternatively reckless disregard for the minor Plaintiff's status at one of the Defendant's students, or alternatively, failed to exercise reasonable diligence prior to making any decisions concerning the minor Plaintiff's status as a student as one of Defendant's student. It is respectfully submitted at times material here in Defendant either knew, or alternatively should have known, of the falsity of the allegations against the minor Plaintiff. The Plaintiffs aver the aforementioned conduct violated Title IX of the Educational Amendments of 1972, 20 U.S.C. Section 1681, et seq..

9. Defendant also violated state law, its own stated policies and procedures, in its wrongful treatment of the minor Plaintiff. The Defendants failure to abide by its own policies and procedures and its treatment of the minor Plaintiff, as well as ignoring fundamental notions of due process violates State law. As a direct and approximate result of Defendant's conduct the is liable to minor Plaintiff in negligence,

3

breach of contract, malicious prosecution, and false imprisonment and outrageous conduct.

Plaintiffs demand judgment against the Defendant for compensatory and punitive damages amount to proven at trial, attorney fees and costs, and further demands a jury to try this cause.

Respectfully submitted this 7th day of January 2025.

ARTHUR F. KNIGHT, III

*s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, TN 37918
P: (865) 252-0430
arthur@arthurfknightlaw.com
*Attorney for Plaintiff*