IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT, TENNESSEE
AT GREENVILLE

| | |
|---|---|
| LANCE AND CHRISTIANA TORBETT )<br>As biological parents and next friends of )<br>minor Plaintiff L.T., )<br>       )<br>    Plaintiffs, )<br>       )<br>v. )<br>       )<br>PROVIDENCE ACADEMY, )<br>       )<br>    Defendant. ) | Case No.: 2:25-cv-00033<br><br>JURY DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Providence Academy ("Defendant"), by and through counsel, hereby files this Memorandum of Law in Support of its Motion to Dismiss as to all claims contained in the Complaint filed by Plaintiffs Lance and Christiana Torbett as biological parents and next friends of minor Plaintiff L.T. (the "minor Plaintiff") (collectively "Plaintiffs").

## FACTS

Plaintiffs commenced this suit on February 7, 2025, asserting claims under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"), and various state law claims, including "negligence, breach of contract, malicious prosecution, and [*sic*] false imprisonment, and outrageous conduct." Complaint ¶¶ 8-9. In their Complaint, Plaintiffs allege that the "minor Plaintiff was a student in the Eighth grade at Defendant's institution" and that another minor made allegations against the minor Plaintiff arising from events that occurred at a Super Bowl party "at a fellow student's home." Complaint ¶¶ 3-4. Plaintiffs do not allege that the party was a school-sponsored or school-sanctioned event, nor do they allege that employees of Defendant were present at the party. Complaint, *supra*. Plaintiffs allege "[a]t the instigation of the complaining minor," the minor Plaintiff

1

was prosecuted in the Juvenile Court for Washington County, Tennessee, arising from his actions at the private party, and that the minor Plaintiff ultimately "plea[ded guilty] to a lesser charge," and that he has "since completed probation." Complaint ¶¶ 6-7. Plaintiffs allege—and Defendant admits—that as a result of his actions towards the complaining minor, the minor Plaintiff was suspended and later expelled from Defendant's school. Complaint ¶ 5. Despite the guilty plea of the minor Plaintiff, Plaintiffs insist that the Defendant acted negligently, wrongly, recklessly, or maliciously when it suspended and expelled the minor Plaintiff. Complaint ¶¶ 8-9.

Plaintiffs allege that "Defendant is an education institution as defined by Title IX," and that "Defendant purports to provide educational services to students in grades kindergarten through twelfth grade." Complaint ¶ 2. The Complaint also states: "Defendant is subject to Title IX by virtue of its acceptance of financial assistance as defined by the act." *Id*. The Complaint makes no further statements regarding the applicability of Title IX to Defendant. Complaint, *supra*.

Plaintiffs' Complaint further alleges that "Defendant failed to provide any due process to the minor Plaintiff," and that Defendant's "conduct concerning the minor Plaintiff was intentionally, alternatively reckless [sic] disregard for the minor Plaintiff's status [as] one of the Defendant's students, or alternatively, failed to exercise reasonable diligence prior to making any decisions concerning the minor Plaintiff's status as a student[.]" Complaint ¶ 8.

Plaintiffs' Complaint further alleges that Defendant failed to "abide by its own policies and procedures and its treatment of the minor Plaintiff, as well as ignoring fundamental notions of due process violates State law." Complaint ¶ 9. The Complaint does not reproduce or attach as an exhibit any policies, procedures, agreements, or contracts between Plaintiffs and Defendant.

2

Case 2:25-cv-00033-DCLC-CRW    Document 16    Filed 04/28/25    Page 2 of 13
PageID #: 46

Plaintiff's Complaint makes the general allegation that "[a]s a direct and approximate result of Defendant's conduct the [Defendant] is liable to minor Plaintiff in negligence, breach of contract, malicious prosecution, and [*sic*] false imprisonment and outrageous conduct." *Id*.

## **RULE 12 STANDARD**

A claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2).

"The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In its guidance in applying the legal standard in *Ashcroft v. Iqbal*, the Supreme Court has noted that there are "[t]wo working principles" at play:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is <u>inapplicable to legal conclusions</u>. <u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice</u>. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but <u>it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions</u>. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Iqbal*, 556 U.S. at 663 (emphasis added) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## LAW AND ARGUMENT

1. <u>Plaintiff's claims under Title IX fail as a matter of law.</u>

The Complaint contains only two references to Title IX, both of which are bare legal conclusions. Specifically, Plaintiffs allege:

> Defendant is an education institution as defined by Title IX of the Education Amendments of 1972, 20 U.S.C. Section 1681, et seq. Defendant purports to provide educational services to students in grades kindergarten through twelfth grade. . . . <u>Defendant is subject to Title IX by virtue of its acceptance of financial assistance as defined by the act</u>.

Complaint ¶ 2 (emphasis added). The Complaint later states: "The Plaintiffs aver the aforementioned conduct violated Title IX of the Educational Amendments of 1972, 20 U.S.C. Section 1681, et seq." Complaint ¶ 8.

In order to assert a claim under Title IX, Plaintiffs must allege sufficient facts to support a finding that Defendant is a "recipient" of federal financial assistance within the meaning of 34 C.F.R. § 106.2. *NCAA v. Smith*, 525 U.S. 459 (1999). Specifically, 34 C.F.R. § 106.2 defines "recipient" to include any entity to which "federal financial assistances is extended directly or through another recipient and which operates an education program or activity which receives such assistance, including any subunit, successor, assignee, or transferee thereof."

In *Doe v. Currey Ingram Acad.*, 721 F. Supp. 3d 682 (M.D. Tenn. 2024), the Plaintiff claimed the Currey Ingram Academy "receives federal assistance in multiple ways," and also that "Currey Ingram is a 501(c)(3) entity that is tax-exempt." The Court held that even these allegations were not enough and stated the "Plaintiffs have failed to satisfy the *Twombly*/*Iqbal* standard because they have

failed to allege facts (taken as true, of course), that plausibly suggest that this element is satisfied." *Id.* at 690.

Nowhere in the Complaint do Plaintiffs actually allege or state how Defendant is supposed to have received federal funding such that it would be subject to Title IX. Paragraphs 2 and 8 of the Complaint are a textbook example of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Fritz*, 592 F.3d at 722. There is no identification of any federal source of revenue, no allegation of receipt of Title IX funds, or any other fact that rises above the level of "mere conclusory statements." *Iqbal*, 556 U.S. at 663. In fact, the Court in *Doe v. Currey Ingram Academy*, already held such recitals by Plaintiffs in our case are not enough under the *Twombly/Iqbal* standard. In short, the Plaintiffs file this Complaint "armed with nothing more than conclusions," and the claims under Title IX are therefore subject to dismissal for failure to state a claim upon which relief may be granted.

2. Plaintiffs' claims of breach of contract fail as a matter of law.

Plaintiffs' Complaint fails to state a claim upon which relief may be granted for breach of contract because it fails to identify the contract or contract provisions that this Defendant allegedly breached. Plaintiffs' only allegation that seems to point toward its breach of contract claim is when Plaintiffs' Complaint alleges that Defendant failed to "abide by its own policies and procedures and its treatment of the minor Plaintiff." Complaint ¶ 9.

To recover under a breach of contract theory, a plaintiff must show (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract. *ARC LifeMed, Inc., v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). The interpretation of written agreements is a matter of law. *Guiliano v. Cleo*,

995 S.W.2d 88, 95 (Tenn. 1999). The starting point to any dispute involving the interpretation of a contract is the contract itself and the written words that appear on its face. *Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tenn., Inc.*, 566 S.W.3d 671, 694 (Tenn. 2019) (guiding courts "to keep the written words as the lodestar of contract interpretation." (citations omitted)).

A court interprets a contract to effectuate the intent of the parties by enforcing the agreement's plain and ordinary language. See *Certain Underwriters at Lloyd's of London v. Paniagua*, 957 F. Supp. 2d 921, 924 (W.D. Tenn. 2013) (citing *U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 386 (Tenn. 2009); *Nat'l Ins. Ass'n v. Simpson*, 155 S.W.3d 134, 137 (Tenn. Ct. App. 2004)). "To state a claim for breach of contract, a plaintiff must identify the provision of a contractual agreement allegedly breached and explain how defendant's conduct constitutes a breach of the agreement." *Walton v. Carrington Mortg. Servs., LLC*, 2018 U.S. Dist. LEXIS 235051, *14 (E.D. Tenn. 2018).

Plaintiffs have completely failed to identify and place Defendant on notice of the provision of the contract which Plaintiffs claims Defendant has breached. As a result, Plaintiffs have not met the burden of pleading required of Plaintiffs as stated by this Court in *Walton*. As a result, Plaintiffs claims for breach of contract must be dismissed.

3. <u>Plaintiffs' claims for malicious prosecution fails as a matter of law.</u>

Plaintiffs' Complaint fails to state a claim upon which relief may be granted for malicious prosecution because Plaintiffs admit and allege that the minor Plaintiff pleaded guilty and was convicted of a lesser charge, which does not indicate innocence and is not a termination in the minor Plaintiff's favor. *Mynatt v. Nat'l Treasury Emples. Union*, 669 S.W.3d 741, 746 (Tenn. 2023).

A plaintiff asserting malicious prosecution must prove the following elements:

> (1) a prior suit or judicial proceeding was brought against him without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in favor of plaintiff.

*Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992); *Collins v. Carter*, 2020 Tenn. App. LEXIS 149 at *15 (Tenn. Ct. App. Apr. 9, 2020).

In *Mynatt*, the Tennessee Supreme Court recently outlined several outcomes in a criminal case that do not satisfy the favorable termination standard in a resulting malicious prosecution action starting firstly with, "dismissal based on any type of plea, settlement, compromise." *Id.* at 749 (citing *Landers v. Kroger Co.*, 539 S.W.2d 130, 133 (Tenn. Ct. App. 1976)). Further, the *Mynatt* Court held, "A plaintiff can pursue a claim for malicious prosecution only if an objective examination, limited to the documents disposing of the proceeding or the applicable procedural rules, indicates the termination of the underlying criminal proceeding reflects on the merits of the case and was due to the innocence of the accused. *Id.* at 752.

"[O]ne of the elements necessary to establish a malicious prosecution is that the prior action was finally determined in the plaintiff's favor." *Osagie v. Peakload Temp. Servs.*, 91 S.W.3d 326, 330 (Tenn. Ct. App. 2002) (citing *Kelley v. Tomlinson*, 46 S.W.3d 742 (Tenn. Ct. App. 2000)). In their Complaint, Plaintiffs admit that the minor Plaintiff "plea[ded] to a lesser charge," and that he "has since completed probation." Complaint ¶ 7. "Thus, the prior action was finally determined against him, and he is not entitled to maintain an action for malicious prosecution." *Osagie*, 91 S.W.3d at 330.

Similarly, Plaintiffs have not alleged any facts to support any assertion that Defendant caused a judicial proceeding to be brought against the minor Plaintiff with malice. "The definition of malice for purposes of a malicious prosecution lawsuit is not the same as it is in a defamation case. Any improper motive is sufficient to constitute malice when malicious prosecution is charged." *Kelley*, 46

S.W.3d at 746 (citing *Lawson v. Wilkinson*, 447 S.W.2d 369 (Tenn. 1969)). However, the Complaint make no such allegations. The Complaint alleges that "the minor Plaintiff was referred to the Juvenile Court for Washington County, Tennessee for prosecution." Complaint ¶ 6. With respect to the instigating party, the Complaint only alleges that "[a]t the instigation of the complaining minor, and Defendant, [the minor Plaintiff] was prosecuted[.]" *Id*. No improper motive is identified or alleged, and Plaintiffs admit that the prosecution was also initiated by the complaining minor. *Id*. Plaintiffs' Complaint therefore fails to state a claim upon which relief may be granted and is subject to dismissal.

      4.      <u>Plaintiffs' claim for false imprisonment fails as a matter of law.</u>

Plaintiffs' Complaint fails to state a claim upon which relief may be granted for false imprisonment because the Complaint does not allege that this Defendant unlawfully detained or restrained any of the Plaintiffs against their will.

"The elements of the tort of false imprisonment are (1) the detention or restraint of one against his will and (2) the unlawfulness of such detention or restraint." *Newsom v. Thalhimer Bros, Inc.*, 901 S.W.2d 365, 367 (Tenn. Ct. App. 1994). False imprisonment may be committed directly or indirectly, so long as the act of a defendant is the legal cause of confinement. *Little Stores v. Isenberg*, 172 S.W.2d, 16 (Tenn. Ct. App. 1943). The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

As the Complaint makes no allegations that Defendant detained or confined the minor Plaintiff directly, the basis for this claim is presumably related to the allegation that "the minor Plaintiff was referred to the Juvenile Court for Washington County, Tennessee for prosecution." Complaint ¶ 6. Notably, however, Plaintiffs do not allege in the Complaint that the minor Plaintiff was confined at any point, "no matter how short in duration." *Little Stores,* 172 S.W.2d at 16. As a result, the requirements of providing sufficient notice to Defendant of the claims against it as required by the Court in *Fritz* are not met.

Moreover, as with the claim for malicious prosecution, Plaintiffs' admissions that the minor Plaintiff pleaded guilty refute the necessary element of a false imprisonment claim that the detention be unlawful. Even if the Court were to read into the Complaint some allegation of confinement or detention by law enforcement, such confinement would have been in furtherance of a prosecution that ended in a guilty plea and conviction. Accordingly, Plaintiffs' claims of false imprisonment fail to state a claim upon which relief may be granted and should be dismissed as a matter of law.

5. <u>Plaintiff's claim for outrageous conduct fails as a matter of law.</u>

Plaintiffs' Complaint fails to state a claim upon which relief may be granted for outrageous conduct because it fails to allege conduct by this Defendant that is so outrageous that it is not tolerated in civil society or that it caused any of the Plaintiffs mental injuries. *Lyons v. Farmers Ins. Exch.*, 26 S.W.3d 888 (Tenn. Ct. App. 2000).

> [U]nder Tennessee law, there are three essential elements to a cause of action: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in serious mental injury.

*Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). The Court in *Lyons* further noted that "[t]he actionable conduct should be set out in the complaint describing the substance and the severity of the

conduct that is allegedly outrageous." *Lyons,* at 893 (citing *Braswell v. Carothers*, 863 S.W.2d 722 (Tenn. Ct. App. 1993))

In the case at bar, Plaintiffs allege that Defendant "failed to conduct a full and fair inquiry," that "Defendant failed to investigate any aspect of the complaint allegedly involving the minor Plaintiff," and that Defendant "totally mishandled the allegation against the minor Plaintiff." Complaint ¶ 8. The Complaint further alleges that "Defendant failed to provide any due process to the minor Plaintiff," and that Defendant's conduct towards the minor Plaintiff "was intentionally [sic], alternatively reckless disregard for the minor Plaintiff's status at [sic] one of the Defendant's students," and that "Defendant either knew, or alternatively should have known, of the falsity of the allegations against the minor Plaintiff." *Id*.

The above allegations, however, are summary allegations without any factual allegations in support. Plaintiffs do not allege any facts that could support a finding of intentionality or recklessness. They do not, for example, allege that there was no complaint made against the minor Plaintiff. To the contrary, the Complaint admits that another minor made allegations against the minor Plaintiff related to an off-campus party, and that the minor Plaintiff was prosecuted "[a]t the instigation of the complaining minor." Complaint ¶¶ 4, 6. Nor does the Complaint allege that the minor Complaint was exonerated or found innocent. Instead, the Complaint further admits that the minor Plaintiff pleaded guilty and was convicted of "a lesser charge." *Id*. at ¶ 7. To the extent that Plaintiffs allege that Defendant acted "outrageously" when it suspended and expelled the minor Plaintiff, the very admissions in the Complaint refute that assertion.

Likewise, Plaintiffs appear to ignore the obligations carried by school teachers or school officials to report abuse of a child if they have "knowledge or reasonable cause to suspect that a child who attends the school may be a victim of child abuse or child sexual abuse." Tenn. Code Ann. § 49-

6-1601. That obligation includes a requirement that school officials "report the information to the department of children's services and law enforcement." Tenn. Code Ann. § 49-6-1601(d)(1)(A)-(B). To the extent that the Complaint asserts that it was "outrageous conduct" for Defendant to report alleged abuse to law enforcement, such allegations fail as a matter of Tennessee state law. Indeed, had Defendant not done so, it would have breached its duty under state law.

6. Plaintiff's claims of negligence fail as a matter of law.

Plaintiffs' Complaint fails to state a claim upon which relief may be granted for negligence because it fails to identify a duty owed to Plaintiffs that was breached by this Defendant. Plaintiffs' Complaint alleges that Defendant "failed to exercise reasonable diligence prior to making any decisions concerning the minor Plaintiff's status as a student as one of Defendant's student [*sic*]." Complaint ¶ 8. Plaintiffs further makes the general allegation that "[a]s a direct and approximate result of Defendant's conduct the [Defendant] is liable to minor Plaintiff in negligence[.] Complaint at ¶ 9. Plaintiffs' own Complaint alleges and admits that the minor Plaintiff was charged and prosecuted for an assault that occurred at "the off-campus party," and that the minor Plaintiff was convicted via a "plea to a lesser charge." Complaint ¶¶ 6-7.

Like with other allegations above, Plaintiffs have completely failed to place Defendant on notice of the claims of potential negligence that are being alleged by Plaintiff. Plaintiff has not indicated any duty that Defendant had to the minor Plaintiff and has not indicated any breach of a duty that Defendant had to the minor. Per the *Twombly*/*Iqbal* standard, the summary allegations made by the Plaintiffs are simply not enough to move forward on Plaintiffs claims of negligence. The only such allegation within the Complaint that could even appear as a potential breach of duty is the alleged failure to exercise reasonable diligence when suspending Plaintiff. This allegation is completely

defeated by Plaintiffs' own admission that the minor Plaintiff was charged, prosecuted and pleaded guilty to the assault claim against him. As such, the negligence claims from Plaintiff must be dismissed.

## CONCLUSION

Plaintiffs have failed to state any claim for which relief can be granted, and Plaintiffs claims against Defendant fail as a matter of law. As such, Defendant prays that the Court dismiss all claims of Plaintiffs against it.

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Arthur Knight, III
LAW OFFICE OF ARTHUR KNIGHT, III
3248 Tazewell Pike, Ste 103
Knoxville, TN 37918
arthur@arthurfknightlaw.com

*/s/ Peter Robison*
Peter C. Robison