IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT, TENNESSEE
AT GREENVILLE

| | |
|---|---|
| LANCE AND CHRISTIANA TORBETT<br>As biological parents and next friends of<br>minor Plaintiff L.T.,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE ACADEMY,<br><br>Defendant. | Case No.: 2:25-cv-00033<br><br>JURY DEMANDED |

## RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f), the parties jointly submit this report describing their proposed discovery plan, trial preparation deadlines, and describing the issues discussed by the parties during their Rule 26(f) planning meeting.

1. Arthur F. Knight, III, counsel for the Plaintiffs, and Peter C. Robison, counsel for Defendants, participated in a Rule 26(f) conference on March 28, 2025.

2. **Initial Disclosures**. The parties will exchange information required by Fed. R. Civ. P. 26(a)(1) on or before **June 30, 2025**.

3. **Discovery Plan**. The parties proposed the following discovery plan.

    a. Discovery will be needed on all matters pertaining to the allegations in the Complaint and the issues raised in the Answers. Liability, causation, injuries and damages are in dispute.

    b. Disclosure of discovery of electronically stored information should be handled as follows: Parties agree to preserve all electronic communications, including but not

limited to electronic mail. Unless otherwise agreed upon, the parties may disclosure/produce ESI in a hardcopy or static form (e.g. searchable .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than one form; however, after the production of electronic discovery in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file).

c. If privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

d. Initial written discovery shall be served by **July 15, 2025**. The parties agree that the maximum number of interrogatories as permitted by the Rules of Civil Procedure is appropriate and does not need to be altered.

e. Depositions of the parties and fact witnesses, except those fact witnesses serving only as before and after witnesses, shall be completed by **January 30, 2026**.

f. Per the Rules of Civil Procedure, the maximum number of depositions for each party is 10 depositions, and the maximum amount of actual testimony time is 7 hours. At this time, the parties agree this does not need to be altered.

g. The parties agree that electronic service of discovery requests, responses and document production is sufficient to comply with service under the Federal Rules of Civil Procedure and the Local Rules of this Court. Parties will need to request hard copies of any discovery requests, responses or document production. In serving the documents, the following individuals will be included:

  i. Arthur F. Knight, III: art@artknightlaw.com

  ii. Peter C. Robison: probison@lewisthomason.com

  iii. Mikel A. Towe: mtowe@lewisthomason.com

  iv. Renee Branum: renee@artknightlaw.com

  v. Sofia Trefilova-Martin: strefilovamartin@lewisthomason.com

h. Reports from retained experts under Rule 26(a)(2) due:

  i. From Plaintiffs by **March 31, 2026.**

  ii. From Defendants by **May 15, 2026.**

  iii. Any rebuttal experts shall be designated on or before **May 29, 2026.**

  iv. Depositions of expert witnesses shall be completed by **July 31, 2026.**

  v. Any *Daubert* motions shall be filed on or before **September 15, 2026.**

  vi. Depositions for evidence (proof) only shall be completed **thirty days prior to the pretrial conference**.

4. Other Scheduling Matters:

   a. The parties request that the Court set appropriate deadlines for pretrial conferences once a trial date has been established.

   b. The parties request a pretrial conference 14 days before trial.

c. The deadline for parties to amend pleadings and join parties is **August 15, 2026.**

d. The dispositive motions deadline is **August 15, 2026.**

e. Pre-Trial disclosures shall be governed by Rule 26(a)(3) of the Federal Rules of Civil Procedure.

f. The parties expect this trial to last three (3) to four (4) days and request a trial date no earlier than **November 15, 2026**.

g. Plaintiffs will agree to sign a medical records release to permit Defendants to obtain the minor Plaintiff's medical records, and Defendants agree to provide copies of all documents obtained by way of the release to Plaintiffs' counsel within fourteen days of receipt of said records.

Respectfully submitted,

*/s/Arthur F. Knight, III (by permission Peter Robison)*
Arthur F. Knight, III, BPR # 16178
THE LAW OFFICE OF ARTHUR F. KNIGHT
III 3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
Phone: 865-252-0430
art@artknightlaw.com

*Counsel for Plaintiffs*

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
LEWIS THOMASON, P.C.
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

Mikel A. Towe, BPR #32404
Lewis Thomason, P.C.
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of May, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Arthur Knight, III
Law Office of Arthur Knight, III
3248 Tazewell Pike, Ste 103
Knoxville, TN 37918
arthur@arthurfknightlaw.com

                                                                              */s/ Peter Robison*
                                                                              Peter C. Robison