IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LANCE AND CHRISTIANA TORBETT )
as biological parents and next friends of )
minor Plaintiff L.T., )
)
    Plaintiffs, )
)
v. ) No. 2:25-cv-00033-DCLC-CRW
) JURY DEMANDED
PROVIDENCE ACADEMY, )
)
    Defendant. )

### PROPOSED AMENDED COMPLAINT

1. Plaintiffs are citizens and residents of Washington County, Tennessee. Plaintiff, L.T. is a minor and Plaintiffs Lance and Christiana Torbett are his biological parents and next friends of the minor Plaintiff.

2. Defendant is an educational institution as defined by Title IX of the Educational Amendments of 1972, 20 U.S.C. Section 1681, *et. seq.* Defendant purports to provide educational services to students in grades kindergarten through twelfth (12th) grade. The minor Plaintiff was a student in the Eighth (8th) grade at Defendant's institution at the time of Defendant's unlawful conduct. Defendant is located at 2788 Carroll Creek Road, Johnson City, Tennessee 37615. Defendant is subject to Title IX by virtue of its acceptance of financial assistance as defined by the act. Plaintiffs aver that Defendant accepted monies and other benefits through the Paycheck Protection Program ("PPP") administered by the Small Business Administration and/or other agencies of the federal Government. Plaintiffs also aver upon information and belief that the Defendant has likewise received federal financial assistance utilizing federal monies and benefits in the administration of and/or attending training and other sessions, grants and other benefits. The

### EXHIBIT A

Plaintiffs further aver upon information and belief that an investigation of Defendant's financial records will confirm the existence of federal financial assistance. The Plaintiffs aver that Defendant is deemed to receive federal financial assistance whether the same is received directly or indirectly and/or through an intermediary.

3. On February 11, 2024, the minor Plaintiff attended a Super Bowl party at an off-campus location at a fellow student's home. Several minors attended the party and were appropriately chaperoned b the homeowners and other parents of the minor children.

4. Subsequently, after the party concluded, a minor male, and fellow student made totally unsupported allegations against L.T., and others that attended the off-campus party of conduct Defendant falsely characterized as sexual harassment and assault.

5. As a result, L.T. was first wrongfully and summarily suspended by Defendant and subsequently expelled. Defendant's actions toward L.T. occurred without Defendant conducting a full and fair investigation into the alleged incident, or make any attempt to comply with due process with respect to its actions taken toward L.T.

6. Instead, the minor Plaintiff was referred to the Juvenile Court for Washington County, Tennessee for prosecution. At the instigation of the complaining minor, and Defendant, L.T. was prosecuted within the prosecuting authority requesting that he be punished, to include incarceration. L.T., and his parents, were forced to retain counsel and defend the unlawful charges brought against L.T.

7. Yet, facing the prospect of substantial fees and costs, and despite the fact that, L.T. was totally innocent of the charges against him, L.T. agreed to a best interest plea to a lesser charge which would simply place him on unsupervised probation. L.T. has since completed probation and is no longer subject to prosecution.

8. Plaintiff avers that Defendant failed to conduct a full and fair inquiry, or provide the minor Plaintiff with a modicum of due process concerning its decision making of the alleged incident. Moreover, Plaintiffs aver that Defendant failed to investigate any aspect of the complaint allegedly involving the minor Plaintiff, and others, and totally mishandled the allegation against the minor Plaintiff. Plaintiffs aver that had the Defendant provided basic due process to minor Plaintiff prior to its decision making, the minor Plaintiff would not have been suspended or expelled, much less referred for prosecution. Then, Defendant failed to provide any due process to the minor Plaintiff prior to acting and the same approximately resulted in Defendant's discipline of the minor Plaintiff. Plaintiffs aver that Defendants unlawful conduct concerning the minor Plaintiff was intentional, or alternatively in reckless disregard for the minor Plaintiff's status as one of the Defendant's students, or alternatively, failed to exercise reasonable diligence prior to making any decisions concerning the minor Plaintiff's status as one of the Defendant's student. It is respectfully submitted at times material herein Defendant either knew, or alternatively should have known, of the falsity of the allegations against the minor Plaintiff. The Plaintiffs aver the aforementioned conduct violated Title IX of the Educational Amendments of 1972, 20 U.S.C. Section 1681, *et. seq.*

9. Defendant also violated state law, its own stated policies and procedures, in its wrongful treatment of the minor Plaintiff. The Defendant's failure to abide by its own policies and procedures and its treatment of the minor Plaintiff, as well as ignoring fundamental notions of due process violates State law. The Defendant's failure to abide by its own policies and procedures in its treatment of the minor Plaintiff constitutes breach of contract to which the Defendant is liable. Plaintiffs aver that at all times material herein, Plaintiffs executed certain enrollment contracts with Defendant for the 2023-2024 academic year, as well as previous academic years. The enrollment contracts incorporated Defendant's Student Handbook by reference and implication. Defendant's

stated policy and procedures and reference provisions in the handbook provide under what circumstances an adverse action may be taken against a properly-enrolled student. The handbook clearly implies that Defendant must act reasonably in investigating and in providing due process to the student prior to implementing an adverse action. The Plaintiffs aver that at all times the minor Plaintiff was in good standing academically and behaviorally and Defendant's decision to suspend and then expel is unfair and made in bad faith.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be proven at trial, attorney fees and costs, and further demands a jury to try this cause.

Respectfully submitted this 17th day of June, 2025.

ARTHUR F. KNIGHT, III

*s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, TN 37918
P: (865) 252-0430
Email: art@artknightlaw.com
*Attorney for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2025, a copy of the foregoing Proposed Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Arthur F. Knight, III
Arthur F. Knight, III