# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| LANCE AND CHRISTIANA TORBETT ) <br> as biological parents and next friends of ) <br> minor Plaintiff L.T., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PROVIDENCE ACADEMY, ) <br> ) <br> Defendant. ) | No. 2:25-cv-00033-DCLC-CRW <br> **JURY DEMANDED** |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs' proposed Amended Complaint should alleviate any need Defendant desires to adjudicate this matter dispositively.

Plaintiffs eliminated all state law claims, except breach of contract predicated on Plaintiffs' execution of enrollment contracts for the 2023-24 academic year and previous years, as well as Defendant's own policies and procedures contained in the Student Handbook for the 2023-24 academic year. *See* **Exhibit** A.

Plaintiffs clarified and attempted to specify what source of federal financial assistance Defendant received in the face of Defendant's allegation, without evidence, that it did not receive federal financial assistance. No dispute exist that Plaintiffs need access to certain requisite information in Defendant's financial records to rebut Defendant's denial that it did not receive federal financial assistance contained in its Motion to Dismiss, and Answer. Accordingly, Plaintiffs request the Court accept Plaintiffs' general allegation in the Amended Complaint in addition to the specific allegation that Defendant received PPP funds during COVID in denying Defendant's Motion to Dismiss, or, alternatively, defer ruling on Defendant's Motion to Dismiss

until this issue may be discovered. Defendant has already filed an Answer [*See* Doc. 10] and this matter is not set to be tried until December 1, 2026 [*See* Doc. 22]. No dispute exists that jurisdiction, venue, and service is proper, or at least Defendant has failed to raise an objection on any of these topics. The only issue raised by the Defendant in its Motion to Dismiss which has not already been remedied by Plaintiffs' Amended Complaint is the receipt of federal financial assistance, and the alleged lack of factual allegations concerning the same and Plaintiffs' breach of contract action. Plaintiffs have dismissed all but one of the state law claims in the Amended Complaint. The remaining state law claim is breach of contract which is predicated on the execution of enrollment contracts by the Plaintiffs, as well as Defendant's own policies and procedures, and the implication of due process which the same carries.

Accordingly, it is respectfully submitted that Defendant's Motion to Dismiss be denied, Plaintiffs' Motion to Amend Complaint be granted, and the proposed Amended Complaint be filed with the Court. Defendant's Motion to Dismiss is predicated on the lack of factual averments, and the Amended Complaint cures the same. Even if the Amended Complaint does not cure the Defendant's arguments concerning the receipt of federal financial assistance and/or Plaintiffs' state law breach of contract action to defend its satisfaction, it is respectfully submitted that in addition to allowing the filing of the Amended Complaint, Plaintiffs be allowed to engage in discovery concerning the issue of federal financial assistance. Plaintiffs are quite confident that Defendant received federal financial assistance through not only the PPP Program administered by the federal Government through COVID, but has received other assistance from the federal Government making Title VII applicable. Granted, Plaintiffs make the latter allegations upon information and belief, but Plaintiffs do have a good faith basis that Defendant received other assistance from the federal Government in addition to the PPP payments Defendant received from the federal Government during COVID.

Defendant seeks to dismiss Plaintiffs' claim without engaging in discovery. Had Defendant filed a Motion for Summary Judgment on this issue, Plaintiffs would file an appropriate pleading under Rule 56 demonstrating why they cannot make more specific allegations concerning the receipt of federal financial assistance without discovery over the issue. It is respectfully submitted that Defendant should not benefit by the fact that it filed a Motion to Dismiss on the issue which it knows Plaintiffs could not reasonably discover without utilizing Court-sanctioned discovery methods.

In conclusion, it is respectfully submitted that Defendant's Motion to Dismiss be denied except Plaintiffs do not oppose the removal of all state law claims except breach of contract. Plaintiffs respectfully aver that should the Court grant its Motion to Amend and allow the filing of the Amended Complaint, the same should alleviate any of Defendant's alleged concerns raised in the Motion concerning Plaintiffs' Title IX claim or Plaintiffs' state law breach of contract claim. To the extent it doesn't, Plaintiffs request that the Court deny the Motion in its entirety, and the parties engage in discovery, or in the alternative, Plaintiffs be allowed to conduct discovery on the issue of federal financial assistance and therefore deferring any ruling on Defendant's Motion to Dismiss until that can be accomplished.

Respectfully submitted this 17th day of June, 2025.

ARTHUR F. KNIGHT, III

*s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, TN 37918
P: (865) 252-0430
Email: art@artknightlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2025, a copy of the foregoing Plaintiffs' Response to Defendant's Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Arthur F. Knight, III
Arthur F. Knight, III