IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT, TENNESSEE
AT GREENVILLE

| | | | |
|---|---|---|---|
| LANCE AND CHRISTIANA TORBETT | ) | | |
| As biological parents and next friends of minor Plaintiff L.T., | ) ) ) | | |
| Plaintiffs, | ) ) | Case No.: 2:25-cv-00033 | |
| v. | ) ) | JURY DEMANDED | |
| PROVIDENCE ACADEMY, | ) ) | | |
| Defendant. | ) | | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Comes now, Defendant, Providence Academy ("Defendant"), by and through counsel, and for its Response to the Plaintiff's Motion to Amend Complaint, states that Plaintiffs' attempt to amend their Complaint is futile as the Amended Complaint continues to be subject to a Motion to Dismiss. Defendant further relies on its Reply Brief in Support of its Motion to Dismiss which Defendant is filing simultaneously herewith.

    **I.    FUTILITY STANDARD ON MOTIONS TO AMEND**

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." This analysis requires the Court to consider undue delay in filing, lack of notice to the opposing party, bad faith by the movant, failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment. *Downing v. Botezat*, 2024 U.S. Dist. LEXIS 150485, 15-16 (E.D. TN 2024) (citing *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005)). The only factor in dispute in the case at issue is the futility of the proposed amendment. The futility factor mirrors the standard for a Rule

12(b)(6) motion to dismiss: "Amendment to a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F. 3d 803, 817 (6th Cir. 2005).

## II. Breach of Contract Amendment is Futile as it would not Survive a Motion to Dismiss.

As is stated much more fully in the Defendant's Reply Brief in Support of Defendant's Motion to Dismiss, Plaintiffs' attempt to amend the Complaint to add the Student Handbook in support of Plaintiffs' Breach of Contract claims is futile. Plaintiffs have attached the applicable procedures contained in the Student Handbook for the 2023-2024 academic year. [See Doc. 26]. The Plaintiffs have also made allegations that the Defendant failed to comply with the policies and procedures contained within that handbook. However, the Student Handbook lays out clearly what is constituted as Serious misconduct/infractions on Page 79, providing grounds for immediate expulsion from Providence Academy.

**Serious misconduct/infractions:** The following violations are considered conditions for immediate expulsion.

- Acts endangering the lives of other students or staff members
- Gross violence/vandalism to the school facilities
- Any violation of U.S., TN, or local laws (this includes carrying a weapon of any kind)
- Any act in clear contradiction of scriptural commands
- Use and/or possession of drugs of any kind, on or off campus

*It should be noted that the serious misconduct does not have to take place at Providence Academy or during school hours or school events for Providence Academy to take disciplinary action.

Student Handbook, Page 79.

It appears clear in this case that Plaintiffs' Motion to Amend to add the Student Handbook in support of Plaintiffs' breach of contract claim should fail as futile, as these breach of contract claims will not survive a Motion to Dismiss. After the complaining minor and Providence

Academy reported the alleged assault of a minor child to the authorities, as was required of Providence Academy under Tenn. Code Ann. § 49-6-1601, the minor Plaintiff was charged, and ultimately pleaded guilty and was convicted. Complaint ¶¶ 5-6; Proposed Amended Complaint ¶¶ 6-7. This clearly falls under the Serious misconduct/infractions section of the Student Handbook allowing for immediate expulsion, as it was a violation of a Tennessee State law for which the minor Plaintiff eventually pleaded guilty. As such, this proposed Amended Complaint is a futile attempt, and the breach of contract claims continue to fail as a matter of law. Defendant prays this Court deny Plaintiffs' request to Amend their Complaint pursuant to their breach of contract allegations.

### III. Title IX Amendment is Futile as it would not Survive a Motion to Dismiss.

Like in the breach of contract allegations above, Defendant much more fully lays out its position on this Title IX issue in its Reply Brief in Support of Defendant's Motion to Dismiss. Plaintiffs are attempting to amend the Complaint to add allegations that "Defendant accepted monies and other benefits through the Paycheck Protection Program ("PPP") administered by the Small Business Administration." Plaintiffs' Proposed Amended Complaint, ¶ 2 [See Doc. 25.] In order for Title IX to apply, Plaintiffs know that they must show Defendant is receiving federal funding. This same exact issue on the interplay of Title IX and PPP loans was before a U.S. District Court for the District of Nevada and in the case of *Gardner v. Sage Ridge Sch.*, No. 3:24-CV-00403-CLB, 2025 U.S. Dist. LEXIS 114896, at *18-21 (D. Nev. June 17, 2025). The Court in *Gardner* ultimately denied a Motion to Amend as futile, as the Plaintiffs in that case had not sufficiently alleged that the defendant school in that case receives federal financial assistance such that it would be subject to Title IX. *Id.* at 21.

Plaintiffs in this case have not alleged that Defendant is currently receiving PPP loans through the Small Business Administration or any other federal entity. In fact, Defendant could

not have received these PPP loans at the time of the incident in 2024, as the loans were discontinued at that time. Pursuant to the holding *Gardner*, the Plaintiffs' attempt at amendment under Fed. R. Civ. P. 15 would be futile "because no set of facts can be added to Plaintiffs' … Title IX claims that would constitute a valid and sufficient claim." *Id*. Therefore, past receipt of PPP loans does not constitute "receiving" federal funds for the purposes of claims under Title IX, and the Plaintiffs attempt to amend their Complaint should be denied as they are futile.

## CONCLUSION

Plaintiffs have attempted to amend their Complaint by attaching the Student Handbook and by making allegations that Defendant has received PPP loans in the past. However, as is stated above and more fully in its Reply Brief in Support of its Motion to Dismiss, Plaintiffs' attempt at amendment is futile and must be denied. Therefore, Defendant requests that this honorable Court deny Plaintiffs' Motion to Amend on the grounds of futility.

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

## CERTIFICATE OF SERVICE

       I hereby certify that on the 27th day of June, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Arthur Knight, III
    LAW OFFICE OF ARTHUR KNIGHT, III
    3248 Tazewell Pike, Ste 103
    Knoxville, TN 37918
    arthur@arthurfknightlaw.com

    *Counsel for Plaintiffs*

                                            */s/ Peter Robison*
                                            Peter C. Robison