IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTIRCT OF TENNESSEE
AT GREENVILLE

LANCE AND CHRISTIANA TORBETT
as biological parents and next friends of
minor Plaintiff L.T.,

    Plaintiffs,

v.

PROVIDENCE ACADEMY,

    Defendant.

No. 2:25-cv-00033-DCLC-CRW
JURY DEMANDED

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND

The proposed Amendment is respectfully not futile. Defendant's Motion to Dismiss seeks to capitalize on the generic allegations of the original Complaint concerning Defendant's indisputable receipt of federal financial assistance making it subject to Title IX. The Amended Complaint has been presented not only to allay Defendant's alleged concerns about not particularly identifying sources of federal financial assistance as well as extinguishing certain state law claims. Candidly, Defendant's indisputable receipt of PPP monies directly from the federal government and, upon information and belief, other instances of federal aid which Plaintiffs will document specifically, alone provide ample reason to amend the Complaint.

Defendant cites one court case out of a district court in Nevada in support of its position. The Sixth Circuit has yet to make a determination on the issue. In contrast, Plaintiffs' submit to the Court other cases which come to the opposite conclusion of the Nevada case in support of its position that Defendant's Motion to Dismiss be denied and Plaintiffs be allowed to amend their Complaint in accordance with Federal Rule of Civil Procedure 15.

1

Plaintiff submits the following cases: *Karanik v. Cape Fear Academy*, 608 F. Supp 3d 268 (E.D.N.C. 2022); *E. H., by and through Hervea v. Valley Christian Academy*, 616 T. Supp 31 1040 (C.D. Cal. 2022), *Doe v. Abington Friends School*, 2024 WL 3904051 (E.D. Pa. 2024).

Contrary to the case cited by Defendant, the minor Plaintiff had been enrolled in Defendant's institution continuously since kindergarten including the pre-COVID years. Accordingly, Plaintiffs, Lance and Christiana Torbett had been paying tuition continuously for that time. Moreover, Christiana Torbett, actually employed by Defendant as a teacher's aid and later instructor (the applicable time period). The minor Plaintiff's siblings had also been enrolled at Defendant's institution and Plaintiffs also have had and continue to have relatives that attend Defendant's institution.

Moreover, as Plaintiff views the *Herrera* decision, federal financial assistance also applies to Texas institutions such as Defendant. Although not specifically pled, although it can be, Defendant is a tax exempt institution. Accordingly, Plaintiffs' Title IX action against this Defendant survives for this additional region.

Defendant, and other institutions like it, decry any association with the federal government. Of course, that does not preclude Defendant from taking offers of any "help" or "assistance" the federal government offers at any given time as illustrated by Defendant's indisputable receipt of PPP loans as well as its attempts to classify itself as tax exempt. Defendant simply does not want to be subject to federal law.

Respectfully submitted this 3rd day of July, 2025.

ARTHUR F. KNIGHT, III

*s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, TN 37918
P: (865) 252-0430
art@arknightlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, a copy of the foregoing Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Amend was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Arthur F. Knight, III*
Arthur F. Knight, III