IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT, TENNESSEE
AT GREENVILLE

| | |
|---|---|
| LANCE AND CHRISTIANA TORBETT<br>As biological parents and next friends of minor Plaintiff L.T.,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE ACADEMY,<br><br>Defendant. | Case No.: 2:25-cv-00033<br><br>JURY DEMANDED |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE A CORRECTED PROPOSED AMENDED COMPLAINT

Comes now, Defendant, Providence Academy ("Defendant"), by and through counsel, and Responds in Opposition to the "Motion to Substitute a Corrected Proposed Amended Complaint" filed by Plaintiffs Lance and Christiana Torbett as biological parents and next friends of minor Plaintiff L.T. (collectively "Plaintiffs").

Plaintiffs' motion is accompanied by yet another proposed amended complaint that Plaintiffs seek leave to file, which contains additional allegations not included in the proposed amended complaint submitted by Plaintiffs on June 6, 2025. Defendant submits that this most recent attempt at amendment should similarly be denied on grounds of futility, which Defendant has briefed more fully in its Response in opposition to Plaintiff's first Motion to Amend, and which arguments and authority are hereby incorporated by reference.

With respect to the additional language contained in the most recent "Corrected Proposed Amended Complaint," the additions appear to be contained in Paragraphs 2 and 9. Paragraph 2 adds the additional sentence "Plaintiffs also aver that Defendant applied for and received tax

1

exempt status from the federal government which also constitutes federal financial assistance." Corrected Proposed Amended Complaint ¶ 2. Paragraph 9 of the Corrected Proposed Amended Complaint was added to state:

> Plaintiffs aver that at the time the minor Plaintiff [*sic*] expulsion during the 2023-24 academic year, the minor Plaintiff was in eighth grade. Plaintiffs aver that the minor Plaintiff had consistently attended Defendant's institution since the minor Plaintiff was enrolled in kindergarten. Plaintiffs aver that minor Plaintiff's siblings also attended Defendant's institution, and Plaintiff Christiana Torbett was employed as a teacher's aid then instructor at the school.

Corrected Proposed Amended Complaint ¶ 9 (Docket Entry No. 37-1).

With respect to the first proposed additional allegation regarding tax-exempt status, this allegation appears to attempt to assert a claim under Title IX under the theory that tax-exempt status constitutes "federal financial assistance" under Title IX. While there is no Sixth Circuit ruling on this point, courts across the nation (including the U.S. District Court for the Middle District of Tennessee and the U.S. Courts of Appeals for the Fourth Circuit and Second Circuit) have held that tax-exempt status does not constitute receipt of federal funds. *Buettner-Hartsoe v. Baltimore Lutheran High Sch. Ass'n*, 96 F.4th 707, 715 (4th Cir. 2024) ("[T]ax exempt status pursuant to 26 U.S.C. § 501(c)(3) does not equate to 'receiving Federal financial assistance' for purposes of Title IX."), *Doe by & through Doe v. Currey Ingram Acad.*, 721 F. Supp. 3d 682, 688 (M.D. Tenn. 2024) ("[T]ax-exempt status does not mean that [defendant] has been extended [f]ederal financial assistance' . . . within the scope of Title IX."), *Doe v. Horne*, No. CV-23-00185-TUC-JGZ, 2023 U.S. Dist. LEXIS 240844, 2023 WL 11892137, at *4 (D. Ariz. Dec. 11, 2023) ("501(c)(3) tax-exempt status is not the type of grant or arrangement that qualifies as federal financial assistance" under Title IX or the Rehabilitation Act), *Johnny's Icehouse, Inc. v. Amateur Hockey Ass'n Illinois, Inc.*, 134 F. Supp. 2d 965, 972 (N.D. Ill. 2001) ("[T]ax exempt status, without more, is . . . insufficient to subject [defendant] to the antidiscrimination requirements of

2

Title IX."), and *Bachman v. Am. Soc. of Clinical Pathologists*, 577 F. Supp. 1257, 1264 (D.N.J. 1983) ("[T]he Rehabilitation Act was not intended to cover tax-exempt institutions absent any further affirmative federal financial assistance.") Of particular note is the Fourth Circuit's 2024 ruling in *Buettner-Hartsoe*, which reversed a 2021 ruling from the District Court of Maryland that tax-exempt status could constitute receipt of federal funds. The Fourth Circuit's ruling in *Buettner-Hartsoe* continues to be cited as recently as June 2025 in *Gardner v. Sage Ridge School*, 2025 U.S. Dist. LEXIS 114896 (D. Nev. Jun. 17, 2025), as outlined in Defendant's previous Response in opposition to Plaintiff's first Motion to Amend Complaint (Docket Entry No. 33).

With respect to the proposed amendments in Paragraph 9 of the "Corrected Proposed Amended Complaint," such proposed amendments appear to establish that the minor Plaintiff was a student at Defendant's school during a time period when Defendant received PPP funds. However, such allegations are insufficient to save Plaintiffs' Title IX claims, as Plaintiffs allege in all versions of their Complaint or proposed amended complaints that the expulsion of the minor Plaintiff occurred in February 2024, and not a previous school year. Moreover, even if there had been some alleged violation of Title IX in a previous school year, such a claim would be time-barred by the applicable one-year statute of limitations, as Title IX "adopts the forum state's statute of limitations for personal-injury actions." *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1013 (6th Cir. 2022); *see also Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1134-36 (9th Cir. 2006); *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004). Accordingly, the previous history of the minor Plaintiff or his family members at the Defendant's school cannot support any additional claim under any theory of recovery.

## CONCLUSION

Plaintiffs' most recent motion represents another attempt to survive dismissal of claims that fail as a matter of law. Accordingly, Plaintiffs' motion should be denied.

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Arthur Knight, III
LAW OFFICE OF ARTHUR KNIGHT, III
3248 Tazewell Pike, Ste 103
Knoxville, TN 37918
arthur@arthurfknightlaw.com
*Counsel for Plaintiffs*

*/s/ Peter Robison*
Peter C. Robison

4