UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| LANCE TORBETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 2:25-CV-33 |
| ) | |
| PROVIDENCE ACADEMY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiffs have filed a Motion to Amend Complaint [Doc. 25] and Motion to Substitute a Corrected Proposed Amended Complaint. [Doc. 37]. Defendant has filed Responses in Opposition to both motions. [Docs. 33, 38]. For the reasons stated herein, Plaintiffs' Motion to Substitute a Corrected Proposed Amended Complaint [Doc. 37] is **GRANTED**, and Plaintiffs' Motion to Amend Complaint [Doc. 25] is **DENIED as moot**.

I.  **BACKGROUND**

Plaintiffs filed their Complaint [Doc. 1] on February 7, 2025, alleging that Defendant violated Title IX when it expelled the Minor Plaintiff due to alleged conduct that occurred on February 11, 2024. Plaintiffs also asserted claims of negligence, breach of contract, malicious prosecution, false imprisonment, and outrageous conduct. Defendant filed an Answer [Doc. 10] wherein it asserted several affirmative defenses.

Subsequently, Defendant filed a Motion to Dismiss [Doc. 15] and supporting memorandum [Doc. 16]. In response, Plaintiffs filed the instant Motion to Amend Complaint [Doc. 25] with a Proposed Amended Complaint attached [Doc. 25-1]. Plaintiffs simultaneously filed a Response to

Defendant's Motion to Dismiss [Doc. 26] in which they assert that the Proposed Amended Complaint [Doc. 25-1] "should alleviate any need Defendant desires to adjudicate this matter dispositively." [Doc. 26, p. 1]. Plaintiffs also attached a copy of the Student Handbook for the 2023-24 academic year to their Response to Defendant's Motion to Dismiss [Doc. 26-1], but did not attach the Student Handbook to the Proposed Amended Complaint. [Doc. 25-1]. Defendant filed a Response to Plaintiff's Motion to Amend[1] [Doc. 33] wherein it argued that Plaintiffs' Motion to Amend should be denied because the proposed amendments are futile.[2] Specifically, Defendant argued that Plaintiffs' proposed amended allegations claiming Defendant was subject to Title IX because it received federal funding in the form of benefits through the Paycheck Protection Program ("PPP") were futile because Defendant was not receiving PPP loans at the time of the incident in question and being a past receipt of PPP loans does not constitute "receiving" federal funds for the purposes of claims under Title IX. Plaintiffs filed a Reply [Doc. 35] asserting that the proposed amendments were not futile.

Shortly thereafter, Plaintiffs filed a Motion to Substitute a Corrected Proposed Amended Complaint [Doc. 37] seeking leave to substitute an attached Proposed Amended Complaint [Doc. 37-1] in place of the Proposed Amended Complaint [Doc. 26-1] filed with Plaintiffs' Motion to Amend. [Doc. 26]. In support of this request, Plaintiffs state that the revised amended complaint more particularly clarifies "the facts and circumstances of the Plaintiffs' action as argued in Defendant's Motion to Dismiss, as well as delete certain actions as argued in Defendant's Motion

---

[1] Defendant also incorporated its Memorandum in Support of Motion to Dismiss [Doc. 16] into its Response in opposition to Plaintiff's Motion to Amend.
[2] While Defendant's Response to Plaintiffs' Motion to Amend Complaint [Doc. 33] indicates that Plaintiffs attached the Student Handbook as an exhibit to their amended complaint, that is not the case. Although Plaintiffs attached the Student Handbook to their Response to Defendant's Motion to Dismiss [Doc. 26], the Student Handbook was not attached to either Proposed Amended Complaint [Docs. 25-1, 37-1]. As such, the Court declines at this juncture to address Defendant's argument that permitting Plaintiffs to amend their complaint by attaching the Student Handbook to it would be futile.

to Dismiss." *Id.*[3] Of note, in addition to the revisions sought in the proposed amended complaint attached to Plaintiffs' Motion to Amend, Plaintiffs assert in the newly proposed amended complaint that Defendant was subject to Title IX at the time of the incident in question because Defendant received tax exempt status from the federal government. In its Response [Doc. 38], Defendant argues that the amendments contained in the Second Proposed Amended Complaint [Doc. 37-1], including this new assertion, are still futile and that Plaintiffs' motion should be denied. In doing so, Defendant essentially treats the Motion to Substitute a Corrected Proposed Amended Complaint as a second motion to amend that supersedes the initial motion [Doc. 26], and the Court will do the same.

II. ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure permits the amendment of a pleading within 21 days of service or thereafter with the opposing party's written consent or leave of the court. Leave should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Motions for leave to amend are routinely granted based on the principle that cases should be tried on the merits rather than procedural technicalities. *Inge v. Rock Fin. Corp.*, 338 F.3d 930, 936 (6th Cir. 2004). A trial court has broad discretion to determine whether leave to amend a pleading should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'" *Knox Trailers, Inc. v. Clark*, No.3:20-cv-137, 2020 WL 12572938, at *1 (E.D. Tenn. Nov. 19, 2020) (citing *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016)). At the same time, amendment is not appropriate in instances of bad faith, undue delay, repeated failure to cure deficiencies by amendments previously allowed, or where the amendment would cause undue prejudice to the

---

[3] Defendant does not object to Plaintiffs removing any claims from their complaint.

opposing party, or the amendment is futile. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[A] proposed amendment may be denied as futile if it could not withstand a Rule 12(b)(6) motion to dismiss." *Cash-Darling v. Recycling Equip., Inc.*, No. 2:19-CV-00034-JRG, 2019 WL 13120191, at *2 (E.D. Tenn. July 17, 2019) (citing *PFS HR Solutions, LLC v. Black Wolf Consulting, Inc.*, No. 1:17-cv-277-JRG-SKL, 2018 WL 5263031, at *2 (E.D. Tenn. June 28, 2018)).

Defendant argues in its Motion to Dismiss that Defendant is not subject to Title IX because it is not a recipient of federal funds within the meaning of Title IX. Plaintiffs now seek to amend their original complaint in an effort to establish that Defendant is, in fact, a recipient of federal funds within the meaning of Title IX, such that Defendant is subject to Title IX's requirements. As previously stated, Defendant argues that Plaintiffs' proposed amendments should be denied because they are futile. More specifically, Defendant first argues that the additional allegation that Defendant received PPP loans is futile because Plaintiff has not alleged that Defendant is currently receiving PPP loans, and "past receipt of PPP loans does not constitute 'receiving' federal funds for the purposes of claims under Title IX." [Doc. 33, p. 3-4]. In support, Defendant cites an opinion from the District of Nevada where a school received a PPP loan that had matured and been forgiven before the signature of an employment contract and a student's enrollment. *Gardner v. Sage Ridge Sch.*, No. 3:24-CV-00403-CLB, 2025 WL 1695131, at *7 (D. Nev. June 17, 2025). There, the court found that because the loan had already matured and been forgiven, the school was not 'receiving' federal assistance and for that reason, Title IX did not apply. *Id.* (citing *Welch v. United Network for Organ Sharing*, 767 F. Supp. 3d 746, 778 (M.D. Tenn. 2025), *adhered to on reconsideration*, No. 3:24-CV-00422, 2025 WL 824137 (M.D. Tenn. Mar. 14, 2025) and *Karanik v. Cape Fear Acad., Inc.*, 608 F. Supp. 3d 268, 284 (E.D.N.C. 2022)).

While Defendant's argument that past receipt of PPP loans does not constitute federal assistance for the purpose of Title IX appears to have some merit, the Court also notes that there is no binding precedent indicating that to be the case. Further, no information has been provided by either party to establish when any loans received by Defendant under the PPP program matured.[4] As a result, the Court cannot determine at this juncture that the proposed amendment would not survive a motion to dismiss. While the District Court may ultimately find the authority provided by Defendant to be persuasive, that is a decision for the District Court and not an appropriate determination at the amendment stage. Thus, the Court cannot say Plaintiffs' proposed amendment to assert that Defendant received PPP funds is futile.

Additionally, Defendant argues that Plaintiffs' proposed amendment asserting that Defendant is subject to the provisions of Title IX because it received tax exempt status from the federal government is also futile. In making this argument, Defendant acknowledges that the Sixth Circuit has not yet ruled on this issue, but points to several non-binding rulings from other courts, including the Fourth Circuit Court of Appeals, the Middle District of Tennessee, and other district courts. [Doc. 38, p. 2-3] (citing *Buettner-Hartsoe v. Baltimore Lutheran High Sch. Ass'n*, 96 F.4th 707, 715 (4th Cir. 2024) (holding that "tax exempt status pursuant to 26 U.S.C. § 501(c)(3) does not equate to 'receiving Federal financial assistance' for purposes of Title IX."); *Doe by & through Doe v. Currey Ingram Acad.*, 721 F. Supp. 3d 682, 688 (M.D. Tenn. 2024) (finding that "tax-exempt status does not mean that [defendant] has been extended [f]ederal financial assistance'. . . within the scope of Title IX.")).

---

[4] The Court notes that the PPP program was terminated in mid-2021, making it virtually impossible for Defendant to have been "receiving" PPP funds at the time of the events in question in February 2024. However, the Court is not permitted to simply assume when Defendant received PPP loans and when those loans matured.

The Court agrees with Defendant that there appears to be no binding Sixth Circuit or Supreme Court authority addressing this issue. While Defendant is correct that at least one district court within the Sixth Circuit, i.e., the Middle District of Tennessee, has found that receiving tax exempt status does not constitute receiving federal funds for purpose of Title IX, the existence of that ruling does not require the court in this District to rule in the same way. Additionally, at least one other district court has found that receipt of tax-exempt status by the federal government does qualify as receipt of federal assistance for purposes of Title IX. *See E.H. by & through Herrera v. Valley Christian Acad.*, 616 F. Supp. 3d 1040, 1049–50 (C.D. Cal. 2022) (holding that "tax-exempt status confers a federal financial benefit that obligates compliance with Title IX").[5] As observed above when addressing Plaintiffs' request to amend related to Defendant's receipt of PPP funds, in the absence of binding precedent establishing that receipt of federal tax-exempt status does not subject an entity to the requirements of Title IX, the Court cannot say that Plaintiffs' proposed amendment seeking to allege such facts is futile.

Finally, Plaintiffs' Proposed Amended Complaint [Doc. 37-1] also includes additional facts asserting that the minor plaintiff, who was in eighth grade at the time of the events in question, had consistently attended Providence Academy since kindergarten, that the minor plaintiff's siblings also attended Providence Academy, and Plaintiff Christina Torbett was employed as a teacher's aide and then as an instructor at Providence Academy. Defendant argues that these proposed additional facts are an attempt to establish that the minor plaintiff was a student during the time that Defendant received PPP funds in a further attempt to save their Title IX claims but

---

[5] The Court notes that another district court within the Ninth Circuit recently disagreed with the *Herrera* court and found that tax-exempt status does not trigger the application of Title IX. *See Gardner v. Sage Ridge Sch.*, No. 3:24-CV-00403-CLB, 2025 WL 1695131, at *7 (D. Nev. June 17, 2025). These rulings resulted in an internal split on this issue within the Ninth Circuit. The District Court here would be well within its rights to disagree with the Middle District of Tennessee and create an internal split within the Sixth Circuit as well if it chose to do so.

that the attempt is still futile because the events in question occurred in February 2024, allegedly after the PPP loans had matured, and "the previous history of the minor Plaintiff or his family members at the Defendant's school cannot support any additional claim under any theory of recovery." [Doc. 38, p. 3].

While the Court agrees that these additional facts alone likely would not save Plaintiffs' claims from a motion to dismiss, they do appear to be related to Plaintiffs' PPP allegations which the Court has found Plaintiffs should be permitted to add to their complaint. While acknowledging that Defendant may well have the "right side" of the argument regarding adding these proposed facts, the Court finds that permitting their addition will not prejudice Defendant in any way. Given the lack of prejudice to Defendant, the liberal policy regarding amendment, and the fact that the Court is permitting other amendments to be made, the Court will permit Plaintiffs to amend their complaint to include these additional factual allegations.

### III. CONCLUSION

Based upon the foregoing, the Court finds that permitting Plaintiffs to amend their complaint as set forth in the revised Proposed Amended Complaint [Doc. 37-1] is not futile. Thus, Plaintiffs' Motion to Substitute a Corrected Proposed Amended Complaint [Doc. 37] is **GRANTED**, and Plaintiffs' Motion to Amend Complaint [Doc. 25] is **DENIED as moot**. Plaintiffs shall **FILE** their Amended Complaint on or before **August 8, 2025**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge