IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LANCE AND CHRISTINA TORBETT<br>as biological parents and next friends of<br>minor Plaintiff L.T.,<br><br>    Plaintiffs,<br><br>v.<br><br>PROVIDENCE ACADEMY,<br><br>    Defendant. | No. 2:25-cv-00033-DCLC-CRW<br>JURY DEMANDED |

## PLAINTIFFS' RESPONSE TO MEMORANDUM OF FACTS AND LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Not surprisingly, Defendant does not seek to summarily exonerate itself by professing admissible facts that it fully complied with Title IX. Predictably, Defendant desires only the determination that the mandates of Title IX do not apply to the Defendant. In other words, Defendant claims it does not receive "federal financial assistance" as defined by the Act. Of course, Defendant does not, as it cannot claim that it has never sought or received federal aid, just that based upon certain persuasive authority it has discovered, the aid was not received during the time period applicable to the minor Plaintiff's expulsion.

Defendant cites certain cases in support of its position. As stated, and of course, the cases are persuasive only, as no dispute that no controlling authority exists in this Circuit governing the issue. Contrary cases are cited in Plaintiffs' response, as well as in the pleadings filed previously in this Court during the litigation over whether Plaintiff's Complaint could be amended, take the opposite position.

Indeed, no doubt exists that Defendant has availed itself, and no doubt will avail itself to federal aid anytime it deems necessary. It simply desires to escape responsibility in this case, as

well as the case of *Doe v. Providence Academy*, U. S. District Court, Docket No. 2:25-CV-00170-DCLC-CRW alleging the facts and circumstances of this incident does not subject this Academy to Title IX. The same is simply not the case. Again, no controlling authority exists, and Defendants have submitted only persuasive authority in support of their position.

First, no dispute exist that Defendant received at least $546,236.40 in assistance through the Paycheck Protection Program "PPP", and Providence Academy is organized as a 501(c)(3) charitable organization and has been so consistently since 1995.

Second, although not pled in the Amended Complaint in this case, the *Doe v. Providence Academy, et al*, U.S. District Court, Case No. 2:25-CV-00170 avers in the complaint filed October 21, 2025 that Providence Academy's application to a membership with the Tennessee Secondary School Athletic Association ("TSSAA") renders it subject to Title IX. Plaintiffs in this case have sought to amend to include that claim, as well as move to defer ruling on the instant summary judgment motion until that claim can be discovered. Again, the trial of this case is not until December 1, 2026, and no prejudice exists toward Defendant as a result of the claimed amendment. Candidly, the issue in this case seems to be whether Providence Academy is subject to the Title IX. The School says it is not and all Plaintiffs say it is. Both this case and the *Doe* case involve the same incident, same parties, same court, same judicial officers, and same defense attorneys. Accordingly, as argued in Plaintiffs' Motions, discovery should respectfully be permitted.

Nonetheless, the cases cited by Defendant supports the position that receipt of federal monies subjects Defendant to Title IX. Defendant simply argues that it is only subject to the Title IX during the life of the loan. Likewise, Defendant contends in his cited cases that the tax exempt status does not subject it to Title IX. Plaintiffs, however, cite the Court to *E.H., by and through Herrera v. the Valley Christian Academy*, 616 F.Supp.3rd 1040, (C.D. California 2022) and *Doe v. Abington Friends School, et al*, 2024 WL3904051 (decided August 22, 2024) in support of its

position that the receipt of federal monies, as well as Defendant's tax exempt status does subject it to Title IX.

In addition to the reasoning of the case law, common sense mandates the finding that Providence Academy is subject to Title IX. There is no doubt Defendant, and those in its position, have received substantial aid from the federal government. Defendant admittedly received substantial monies through the PPP program, and has taken advantage of the federal government's tax exempt designation to avoid substantial costs annually. Yet, Defendant's position in this lawsuit greatly details how Defendant views itself separately from the federal government despite undisputedly receiving substantial benefits from associating with the federal government.

Defendant has no trouble aligning itself with the federal government in order to receive substantial monies or aid. Yet, it simply desires to be separate when it means being subject to a federal law. In other words, it desires the carrot without the stick. The fact of the matter is the reasoning in the *Herrera* and *Abington Friends* cases are persuasive. Defendant should not be able to align itself, receive substantial federal aid, and then claim its free from the mandates of simple government process when it is in fact receiving substantial benefits from the same government it seeks to absolve itself from. Plaintiffs abandon the State law breach of contract claim.

## CONCLUSION

For each and all of the foregoing reasons, it is respectfully requested that Defendant's Motion for Summary Judgment be denied.

3

Case 2:25-cv-00033-DCLC-CRW   Document 54   Filed 12/05/25   Page 3 of 4   PageID #: 423

Respectfully submitted this 5th day of December, 2025.

<div style="margin-left: 40%;">
LAW OFFICE OF ARTHUR F. KNIGHT, III

*s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, TN 37918
Phone: (865) 252-0430
Email: art@artknightlaw.com
*Attorney for Plaintiff*
</div>

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, a copy of the foregoing Plaintiffs' Response to Defendant's Memorandum of Facts and Law in Support of Defendant's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

<div style="margin-left: 50%;">
*/s/ Arthur F. Knight, III*
Arthur F. Knight, III
</div>