IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT, TENNESSEE
AT GREENVILLE

LANCE AND CHRISTINA TORBETT )
As biological parents and next friends of )
minor Plaintiff L.T., )
 )
    Plaintiffs, )
 )
v. ) Case No.: 2:25-cv-00033
 )
 ) JURY DEMANDED
PROVIDENCE ACADEMY, )
 )
    Defendant. )

## PLAINTIFFS' RESPONSES TO STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Come the Plaintiffs, Lance and Christina Torbett, as biological parents and next friends of minor Plaintiff L.T., by and through counsel, pursuant to Federal Rule of Civil Procedure 56(c) and Local Rule 56.01(c), hereby responds to the Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment as follows:

    1.    Defendant is a private Christian school that was formed in 1994, and since 1995 has held tax-exempt status with the Internal Revenue Service under Section 501(c)(3). Exhibit A, Declaration of Benjamin Holland ("Holland Decl.") ¶ 3; Exhibit 1 to the Holland Decl., Grant of Providence Academy's status under 501(c)(3).

    **RESPONSE: Admit for purposes of summary judgment only.**

    2.    Defendant did not receive funding from the federal government until the extraordinary conditions created by the COVID-19 pandemic and associated lock-down procedures implemented, when it applied for and received loans through the Paycheck Protection Program ("PPP") Holland Decl. ¶ 4-5.

RESPONSE: Disputed. Defendant has held tax exempt status with the Internal Revenue Service under Section 501(c)(3) and has done so consistently since 1995. Moreover, Defendant is a member of the Tennessee Secondary Schools Athletic Association. ("TSSAA"). TSSAA is the recipient of federal financial assistance under the meaning of Title IX. *See* 20 U.S.C. § 1681(a). Defendant ceded control of all or part of its operations to the TSSAA, including submitting to rules and regulations by which its athletic department operates. Moreover, Defendant voluntarily agreed to comply with Title IX when it applied for membership with TSSAA or, alternatively, when it was granted membership in the TSSAA. *See Doe v. Providence Academy, Inc.* Case No.: 2:25-cv-00170-DCLC-CRW [Doc. 1, ¶¶ 118-120].

3. Those monies were borrowed from Acclivity Financial, a subsidiary of Citizens Bank, and were used to pay Defendant's teachers and staff from April 17, 2020, through June 30, 2020. *Id.* at ¶ 5-6; Exhibit 2 to the Holland Decl., Payroll Summary for Providence Academy.

RESPONSE: Admitted for the purposes of summary judgment only.

4. Defendant later sought forgiveness of the PPP loans and interest, which was granted by the Small Business Administration. Holland Decl. ¶ 7-8; Exhibit 3 to the Holland Decl., Providence Academy's PPP Loan Forgiveness Application Form 3508EZ; Exhibit 4 to the Holland Decl., Notice of Loan Forgiveness from Acclivity Financial and Citizens Bank dated November 6, 2020.

RESPONSE: Admitted for purposes of summary judgment only.

5. That period was the only time in which Defendant received any federal funds. Holland Decl. ¶ 11. Defendant has never otherwise applied for or received federal financial assistance for administration, training, or other benefits of any kind. *Id.*

**RESPONSE: Disputed. See Response to Statement of Material Fact No. 2.**

6. During the 2023-2024 school year, the minor Plaintiff was a student at Defendant's school. Am. Compl. ¶ 3, 9.

**RESPONSE: Admitted.**

7. Plaintiffs Lance and Christiana Torbett signed the 2023-2024 Providence Academy Student/Parent Handbook ("Student Handbook"). Exhibit 5 to the Holland Decl. (see also Docket Entry No. 26-1); RFA Responses #13-14.

**RESPONSE: Admitted.**

8. On February 11, 2024, the minor Plaintiff attended a Super Bowl party at a private residence (the "Super Bowl party"). *Id.* At ¶ 3; Exhibit B, Plaintiff Lance Torbett's Responses to Request for Admissions ("RFA Responses"), Responses ## 1, 17.

**RESPONSE: Admitted.**

9. The Super Bowl party was not a school function, it did not take place on school property, and no employee Providence Academy was in attendance. Holland Decl. ¶ 14; RFA Responses ##3, 17.

**RESPONSE: Admitted.**

10. On February 15, 2024, Defendant received a report that the minor Plaintiff attended the Super Bowl party, and while there, he and other minors present assaulted another minor child (the "complaining minor") who was also a student at Providence Academy. *Id.* at ¶ 15.

**RESPONSE: Admitted for the purposes of summary judgment only.**

11. After receiving the report of the alleged assault, Defendant notified the Department of Children's Services and local law enforcement about the allegations. *Id.* at ¶ 16.

**RESPONSE: Admitted for the purposes of summary judgment only.**

12. The complaining minor made a report to law enforcement of the incident, and the minor Plaintiff was referred to the Juvenile Court for Washington County, Tennessee, for prosecution. Am. Compl. ¶ 6; RFA Responses #9.

**RESPONSE: Disputed in part and admitted for the purposes of summary judgment only. Plaintiff's Request to Admit No. 9 was denied. It is disputed that the Amended Complaint avers that the "complaining minor" made a report to law enforcement of the incident. The Amended Complaint merely states that Plaintiff was referred to the Juvenile Court for Washington County, Tennessee for prosecution.**

13. The minor Plaintiff ultimately pleaded guilty to a lesser charge and received a sentence of probation. Am. Compl. 7; RFA Responses ##9-10.

**RESPONSE: Disputed. The minor Plaintiff made an Alford plea to a lesser charge. It is admitted that no incarceration was ordered or received. It is disputed that the Amended Complaint avers that the minor Plaintiff pled guilty. The Amended Complaint clearly sets forth that the minor Plaintiff agreed only to a "best interest" plea to a lesser charge. The Amended Complaint clearly avers that the minor Plaintiff was "totally innocent" and sought only to avoid the prospect of additional substantial fees and costs. The Amended Complaint further states that the minor Plaintiff agreed to be placed on unsupervised probation which has been completed. The same is the essence of an Alford plea and accordingly, statement No. 12 is disputed for this additional reason. The Responses to Requests to Admit clearly state that the minor Plaintiff made an Alford plea to the amended offense of aggravated reckless assault as defined by T.C.A. § 39-13-102.**

14. At the conclusion of its investigation, Defendant determined to expel the minor Plaintiff on February 21, 2024. Holland Decl. ¶ 20.

**RESPONSE: Admitted.**

15. On that same date, February 21, 2024, before Defendant communicated the expulsion to Plaintiffs, Lance Torbett sent Head of School Benjamin Holland an email notifying him that Plaintiffs were withdrawing the minor Plaintiff from Providence Academy effective immediately. Mr. Holland responded to confirm receipt of their notice of withdrawal of the minor Plaintiff. *Id.* At ¶ 21; Exhibit 6 to Holland Decl., Email exchange between Benjamin Holland and Lance Torbett dated February 21, 2024; RFA Responses ## 20-21.

**RESPONSE: Admitted only that Plaintiff Lance Torbett sent an email to Benjamin Holland notifying him Plaintiffs were withdrawing the minor Plaintiff from Providence Academy as Defendant had gone days without responding to the inquiries of Plaintiffs Lance and Christina Torbett concerning the status of the minor Plaintiff's enrollment and the email was sent by Mr. Torbett solely to protect the minor Plaintiff's educational opportunities as Defendant had refused to respond. (See RFA ## 20, 21 and 22).**

Respectfully submitted this 5th day of December, 2025.

                                        **LAW OFFICE OF ARTHUR F. KNIGHT, III**

                                        */s/Arthur F. Knight, III*
                                        Arthur F. Knight, III, BPR #016178
                                        3248 Tazewell Pike, Suite 103
                                        Knoxville, Tennessee 37918
                                        Phone: 865-252-0430
                                        art@artknightlaw.com

                                        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 5, 2025, a copy of the foregoing Plaintiffs' Responses to Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                */s/ Arthur F. Knight, III*
                                                Arthur F. Knight, III