IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTIRCT OF TENNESSEE
AT GREENVILLE

LANCE AND CHRISTINA TORBETT
as biological parents and next friends of
minor Plaintiff L.T.,

    Plaintiffs,

v.

                                  No. 2:25-cv-00033-DCLC-CRW
                                  JURY DEMANDED

PROVIDENCE ACADEMY,

    Defendant.

## AFFIDAVIT OF ARTHUR F. KNIGHT, III

STATE OF TENNESSEE
COUNTY OF KNOX

    I, Arthur F. Knight, III, being duly sworn, make the following statements:

    1.    I am the attorney of record in the above-captioned matter. I am licensed to practice law in the State of Tennessee and have been so continuously since 1993.

    2.    I am a member of the Bar of the United States District Court for the Eastern District of Tennessee, the United States District Court for the Middle District of Tennessee, the United States District Court for the Western District of Tennessee, the Sixth Circuit Court of Appeals, the Eleventh Circuit Court of Appeals, and the United States Supreme Court.

    3.    I filed a Motion to Defer Consideration of Defendant's Motion for Summary Judgment in the above-captioned case. The Amended Complaint asserts liability against the Defendant pursuant to Title IX of the Educational Amendments of 1972. Defendant Providence Academy asserts that it is not subject to Title IX. That is the argument set forth in Providence's Motion for Summary Judgment. The Amended Complaint sets forth Providence Academy is subject to Title IX by virtue of evidence of PPP payments as well as its status as a tax exempt

1

corporation under 501(c)(3). Recently, the case of *Doe v. Providence Academy, et al*, U.S. District Court, Case No. 2:25-CV-00170-DCLC-CRW was filed alleging Providence Academy is also subject to Title IX by virtue of its membership in the Tennessee Secondary School Athletic Association ("TSSAA"). The *Doe* complaint went further stating that Providence Academy's admission to the TSSAA was conditioned upon Providence Academy's promise to abide by all to be subject to all federal law including Title IX and that Providence Academy had ceded its control of its operations to and including, but not limited to the control of its athletic department, to the TSSAA. The TSSAA is a recipient of federal financial assistance and therefore, so is Providence Academy. An answer to the complaint was filed December 3, 2025.

4. This case, as well as the *Doe* case involves the same incident, the same educational institution, the same Court, the same judicial officers, and the same attorneys defending Providence Academy. The central issue in this case seems to be whether Providence Academy is subject to Title IX. Accordingly, it seems discovery of that issue is of the utmost importance. Written discovery has occurred with respect to the status of Providence Academy receiving PPP monies and its status as a tax exempt corporation. Yet, no discovery has occurred with regard to the allegations concerning Providence Academy's membership in the TSSAA. Plaintiffs are sending today written discovery on this issue and desire to depose anyone listed by Providence Academy as having knowledge or information, as well as potentially depose current or former TSSAA officials with regard to Providence Academy. A copy of the Interrogatories and Requests for Production of Documents are attached hereto as **Exhibit A**. The desire to conduct this additional discovery is not for purposes of delay. In fact, the Motion for Summary Judgment was filed early in this case and as the trial of this cause is not set until December 1, 2026. Discovery on this issue is also necessary to effect the consistency of any determination with regard to Providence Academy's status when it comes to the applicability of Title IX, or any other federal law.

FURTHER AFFIANT SAYETH NOT.

_____
Arthur F. Knight, III

Sworn to and subscribed before me on
this 5th day of December, 2025.

_____
NOTARY PUBLIC

My commission expires: 9-5-27 .



3