IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT, TENNESSEE
AT GREENVILLE

LANCE AND CHRISTIANA TORBETT )
As biological parents and next friends of )
minor Plaintiff L.T., )
          Plaintiffs, )
)    Case No.: 2:25-cv-00033
v. )
)    JURY DEMANDED
PROVIDENCE ACADEMY, )
          Defendant. )

## PLAINTIFF LANCE TORBETT'S RESPONSES TO DEFENDANT PROVIDENCE ACADEMY'S REQUESTS FOR ADMISSIONS

Comes now, Lance Torbett ("Plaintiff"), by and through counsel, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and responds to the interrogatories, requests for production of documents, and requests for admissions propounded to them as follows:

### REQUESTS FOR ADMISSIONS

1. Please admit that on or about February 11, 2024, in a social gathering at a private residence, the minor plaintiff L.T. told other minor children at the social gathering to hold down the minor complainant, N.B.

**RESPONSE: This Plaintiff admits only that the minor Plaintiff attended a social gathering at a private residence February 11, 2024. The remaining allegations contained in Request No. 1 are denied.**

2. Please admit that on or about February 11, 2024, the minor plaintiff L.T. attempted to insert his finger in the anus of the minor complainant N.B.

1

RESPONSE: Plaintiff admits only that the minor Plaintiff was present at a private residence on February 11, 2024, along with the minor Complainant N.B. The remaining allegations contained in Request No. 2 are denied.

3. Please admit that no agent or employee of Defendant was present at the social gathering when the interaction between minor plaintiff L.T. and minor complainant N.B. took place.

RESPONSE: This Plaintiff admits the allegations contained in Request No. 3.

4. Please admit that when asked by administrators of Defendant, the minor plaintiff L.T. admitted to attempting to insert his finger in the anus of the minor complainant N.B.

RESPONSE: This Plaintiff denies the allegations contained in Request No. 4

5. Please admit that the minor plaintiff L.T. spoke to the minor complainant N.B. in the days after February 11, 2024, and asked him if he was still bleeding.

RESPONSE: This Plaintiff admits only that the minor Plaintiff spoke to the minor Complainant N.B. in the days after February 11, 2024. The remaining allegations contained in Request No. 5 are denied.

6. Please admit that the minor complainant N.B. reported the February 11, 2024 incident to a teacher, an employee of Defendant.

RESPONSE: This Plaintiff is without knowledge concerning the allegations contained in Request No. 6 despite making a reasonable investigation, and accordingly, for the record, this Request is denied.

7. Please admit that the minor complainant N.B. reported the alleged incident to law enforcement.

**RESPONSE:** This Plaintiff is without knowledge concerning the allegations contained in Request No. 7 despite making a reasonable investigation, and accordingly, for the record, this Request is denied.

8. Please admit that the minor plaintiff L.T. alleged that the minor complainant L.T. had assaulted him at the social gathering on February 11, 2024.

**RESPONSE:** The allegation contained in Request No. 8 is denied.

9. Please admit that the minor plaintiff L.T. was charged with sexual assault related to his actions on February 11, 2024.

**RESPONSE:** The allegation contained in Request No. 9 is denied. By way of explanation, this Plaintiff avers that the minor Plaintiff was alleged to have committed the delinquent act of rape in violation of T.C.A. § 39-13-.

10. Please admit that the minor plaintiff L.T. pled guilty to a lesser included charge.

**RESPONSE:** The allegation contained in Request No. 10 is denied. By way of explanation, Plaintiff avers that the minor Plaintiff made an Alford plea to the amended offense of aggravated reckless assault as defined by T.C.A. § 39-13-102.

11. Please admit that the minor plaintiff L.T. pled guilty to aggravated assault.

**RESPONSE:** The allegation contained in Request No. 11 is denied. By way of explanation, Plaintiff avers that the minor Plaintiff made an Alford plea to the amended offense of aggravated reckless assault as defined by T.C.A. § 39-13-102.

12. Please admit that the minor plaintiff L.T. pled guilty to simple assault.

**RESPONSE:** The allegation contained in Request No. 12 is denied.

13. Please admit that you, on behalf of the minor plaintiff, signed the Providence Academy Student Handbook for the academic year 2023-2024 (the "Student Handbook"), a copy of which is attached as Exhibit A.

**RESPONSE: Admitted.**

14. Please admit that you agreed to the following provision contained on page 75 of the Student Handbook:

A behavior, either on or off campus, including text messages sent after school hours, that indicates a student has little desire to live a life honoring to God, or any conduct that gives evidence of disregard for the spirit of the school standards, is sufficient cause for disciplinary action, including disenrollment, suspension, or expulsion.

**RESPONSE: Admitted.**

15. Please admit that you agreed to the following provision contained on page 75 of the Student Handbook:

The school generally follows the discipline procedures contained in this Handbook. However, there are circumstances in which the school administration may determine that it is appropriate not to follow discipline steps. In cases in which a student has engaged in egregious, immoral, or other unacceptable behavior, the school reserves the right to disenrollment, suspension, or expulsion of the student immediately.

**RESPONSE: This Plaintiff admits only that the foregoing provision is contained in pertinent part on page 75 of the Student Handbook. All allegations inconsistent with the foregoing are denied.**

16. Please admit that you agreed to the following provision contained on page 78 of the Student Handbook:

**Serious misconduct/Infractions:** The following violations are considered conditions for immediate expulsion.

- Acts endangering the lives of other students or staff members
- Gross violence/vandalism to the school facilities
- Any violation of U.S., TN, or local laws (this includes carrying a weapon of any kind)
- Any act in clear contradiction of scriptural commands
- Use and/or possession of drugs of any kind, on or off campus

*It should be noted that the serious misconduct does not have to take place at Providence Academy or during school hours or school events for Providence Academy to take disciplinary action.*

**RESPONSE: This Plaintiff admits only that the foregoing provision is contained in pertinent part on page 78 of the Student Handbook. All allegations inconsistent with the foregoing are denied.**

17. Please admit that the social gathering where the incident occurred between minor Plaintiff L.T. and minor complainant N.B. occurred off campus.

**RESPONSE: This Plaintiff admits only that the minor Plaintiff and the minor Complainant were at a social gathering at a private residence on February 11, 2024. All other allegations against the foregoing are denied.**

18. Please admit that no agent or employee of Defendant was able to control any actions of persons present at the gathering the night the incident between minor plaintiff L.T. and minor complainant N.B. took place.

**RESPONSE: The allegations contained in Request No. 18 are denied. By way of explanation, Defendant expelled the minor Plaintiff.**

19. Please admit that admit pursuant to Tenn. Code Ann. § 49-6-1601(d)(1)(A)-(B), Defendant had a duty to report what it learned regarding the incident between minor plaintiff L.T. and minor complainant N.B. to the department of children's services and to law enforcement.

5

**RESPONSE:** This Plaintiff is without knowledge concerning the allegations contained in Request No. 19 despite making a reasonable investigation, and accordingly, for the record, this Request is denied.

20. Please admit that below is a true and accurate copy of an e-mail that was sent by Lance Torbett on February 21, 2024, at 4:06 p.m.

> From: Lance Torbett <ltorbett@comcast.net>
> Sent: Wednesday, February 21, 2024 4:06 PM
> To: PA Receptionist <PAReceptionist@providenceacademy.com>; jhicks1941@gmail.com; rex@garrisongroupllc.com; matt.jones@johnsoncitykubota.com; jspuhr@gmail.com; markbhecht@gmail.com; ag687@nyu.edu; Ben Holland <bholland@providenceacademy.com>; christy.torbett@concretecraft.com
> Subject: Withdrawal
>
> To Providence Academy,
>
> 25
>
> Christy and I are writing to inform you that we are withdrawing Levi from the school as of today. We can no longer leave him out of school pending this process. We need to know what we need to do to have his records so we can enroll him elsewhere.
>
> While this was never our intention to do so, we cannot stand behind leaving him at Providence Academy. We have been a full supporter of this school for years and this breaks our heart as well as Levi's to make this decision.
>
> Lance and Christy Torbett

**RESPONSE:** Admitted.

21. Please admit that below is a true and accurate copy of the official notice you received that minor Plaintiff L.T. was going to be expelled.

6

> From: Ben Holland
> Sent: Wednesday, February 21, 2024 4:14 PM
> To: Lance Torbett <ltorbett@comcast.net>; jhicks1941@gmail.com <jhicks1941@gmail.com>; rex@garrisongroupllc.com <rex@garrisongroupllc.com>; matt.jones@johnsoncitykubota.com <matt.jones@johnsoncitykubota.com>; jspuhr@gmail.com <jspuhr@gmail.com>; markbhecht@gmail.com <markbhecht@gmail.com>; ag687@nyu.edu <ag687@nyu.edu>; christy.torbett@concretecraft.com <christy.torbett@concretecraft.com>
> Subject: RE: Withdrawal
>
> Lance,
>
> It looks like we have made a mutual decision. This communication below was getting ready to be sent to you as I received this communication. I will have admissions follow up with your unenrollment.
>
> Ben Holland
>
> Dear Mr. and Mrs. Torbett,
>
> As of February 21, 2024 Levi Torbett is expelled from Providence Academy. From this time forward all services from the school will be stopped. Billing will be stopped at the end of this current month of February. Levi is not to return to the campus, or any Providence Academy sponsored events, from this point forward.
>
> The reason for the expulsion is for acts performed on the evening of February 11th. These actions are in accordance with the Conduct and Discipline section of the Parent and Student Handbook. The grievance policy can be found in the Parent Student Handbook. The handbook can be found under Resource Documents in your FACTS family portal.
>
> Sincerely,
>
> The Administration and Board of Providence Academy

**RESPONSE:** This Plaintiff admits receiving the email from Ben Holland sent Wednesday, February 21, 2024, at 4:14 p.m. This is the notice this Plaintiff received. The allegation of "official notice" is objected to as vague, ambiguous, and impossible to answer.

22. Please admit that prior to receiving official notice from the school expelling minor plaintiff L.T., Lance and Christina Torbett made the decision to withdraw minor plaintiff L.T. from school.

**RESPONSE:** Denied. By way of explanation, this Plaintiff submits that multiple attempts were made to contact Providence Academy concerning the minor Plaintiff's schoolwork and/or enrollment and no response was received. Accordingly, this Plaintiff avers that he was forced to send the 2/21/24 email at 4:06 p.m.

7

Case 2:25-cv-00033-DCLC-CRW    Document 62-2    Filed 12/05/25    Page 7 of 8
PageID #: 470

Respectfully submitted this 25th day of August, 2025.

**LAW OFFICE OF ARTHUR F. KNIGHT, III**

/s/ *Arthur F. Knight, III*
Arthur F. Knight, III, BPR# 016178
The Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
(865) 252-0430
art@artknightlaw.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025, a copy of the foregoing Plaintiff Lance Torbett's' Responses to Providence Academy's First Requests for Admissions was sent to counsel for the Defendants via email. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ *Arthur F. Knight, III*
Arthur F. Knight, III

8

Case 2:25-cv-00033-DCLC-CRW    Document 62-2    Filed 12/05/25    Page 8 of 8
PageID #: 471