IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT, TENNESSEE
AT GREENVILLE

| | |
|---|---|
| LANCE AND CHRISTIANA TORBETT ) | |
| As biological parents and next friends of ) | |
| minor Plaintiff L.T., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 2:25-cv-00033 |
| v. ) | |
| ) | JURY DEMANDED |
| PROVIDENCE ACADEMY, ) | |
| ) | |
| Defendant. ) | |

## REPLY IN SUPPORT OF DEFENDANT PROVIDENCE ACADEMY'S MOTION FOR SUMMARY JUDGMENT

Providence Academy ("Defendant" or "Providence Academy"), by and through counsel, hereby files this Reply to the Response of Plaintiffs Lance and Christiana Torbett as biological parents and next friends of minor Plaintiff L.T. (the "minor Plaintiff") (collectively "Plaintiffs") to the Memorandum of Law in Support of its Motion to Dismiss as to all claims contained in the Complaint.

**1. Plaintiffs have seemingly abandoned their claims of breach of contract under Tennessee law.**

As an initial matter, Plaintiffs have not responded at all to Defendant's Motion for Summary Judgment as to the breach of contract claim, and have apparently abandoned all effort to preserve that claim under Tennessee law. Consequently, Defendant submits that summary judgment is appropriate as to Plaintiffs' claims for breach of contract.

**2. Plaintiffs have admitted to the statements of fact and have not refuted those facts with any admissible evidence in the record.**

Plaintiffs have functionally admitted Defendant's Statements of Undisputed Material Fact. Plaintiffs responded to Statements of Undisputed Fact 12, 13, and 15 with hyper-technical responses

1

that "split hairs" about how the assault committed by the minor Plaintiff was reported, the type of plea he entered in juvenile court, or the email Lance Torbett sent to Benjamin Holland to withdraw the minor Plaintiff from Providence Academy. *See* Docket Entry No. 55. These distinctions do not create an issue of material fact that renders the grant of summary judgment inappropriate. The only substantive denials are contained in Plaintiffs' responses to Statements of Undisputed Fact 2 and 5, which assert without authority that Defendant's 501(c)(3) status subjects it to Title IX, and make vague references to Defendant being a member of the Tennessee Secondary Schools Athletic Association ("TSSAA"). These responses, however, lack any citation "to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).

Plaintiffs' new legal theory about TSSAA membership does not appear in the Amended Complaint, and they have not produced a single shred of evidence to support such a claim. Plaintiffs apparently concede as much in their Motion for Leave to File Second Amended Complaint (Docket Entry No. 59), which does not cite anything in the record in this case, but rather, the unsworn pleadings made by the victim of the minor Plaintiff's assault in a separate lawsuit. It is a well settled rule that "pleadings are not evidence." *See*, *e.g.*, *Globe Refining Co. v. Landa Cotton Oil Co.*, 190 U.S. 540, 546 (1903); *Shreve v. Franklin County, Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). That is no less true because the pleadings were filed by the minor Plaintiff's victim rather than these Plaintiffs themselves.

**3. The legal authority cited by Plaintiffs does not refute Defendant's legal arguments that it is not subject to Title IX.**

As for the purported claim arising under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"), Plaintiffs reassert that Defendant received federal funding through the Paycheck Protection Program ("PPP"), but do not identify a single piece of evidence to contest Defendant's sworn statement that such funding ceased in 2020.

In terms of legal authority, Plaintiffs cited to the same case noted by Defendant in its Memorandum of Law, *E.H. v. Valley Christian Acad.*, 616 F. Supp. 3d 1040, 150 (C.D. Cal. 2022), which has been distinguished and rejected by multiple other courts. *See*, *e.g.*, *Buettner-Hartsoe v. Baltimore Lutheran High School Assoc.*, 96 F.4th 707 (4th Cir. 2024); *Grace Chen v. Hillsdale Coll.*, 2024 U.S. Distr. LEXIS 247928 (W.D. Mich. Sep. 13, 2024); *Doe v. Currey Ingram Acad.*, 721 F. Supp. 3d 682 (M.D. Tenn. 2024); *Gardner v. Sage Ridge Sch.*, 2025 U.S. Dist. LEXIS 114896 (D. Nev. Jun. 17, 2025); *Davis v. Winston Preparatory Sch.*, 2025 U.S. Dist. LEXIS 123630 (S.D.N.Y. Jun. 30, 2025). Plaintiffs provide no additional authority or counter-argument as to why subsequent courts have rejected the holding in *Valley Christian*, nor do they point to any factual circumstances that might make the case at bar more similar to that case than the multiple cases in which such a finding has been rejected.

Plaintiffs only cite to one additional case of persuasive authority to support their claims under Title IX, that of *Doe v. Abington Friends Sch.*, 2024 WL 3904051, 2024 U.S. Dist. LEXIS 150267 (E. D. Pa. Aug. 22, 2024). However, that ruling was made at the Rule 12 stage, and consequently did not involve any proof. Furthermore, the district court in that case presumed that the defendant school was a recipient of federal financial assistance for the purposes of the motion. "At this procedural posture, we need not examine Defendants' argument in depth," wrote the Eastern District of Pennsylvania. *Id*. at *11. The *Abington Friends* court then adopted a separate factual finding in previous and similarly captioned case, *Doe v. Abington Friends School*, 2022 U.S. Dist. LEXIS 201121, 2022 WL 16722322 (E.D. Pa. Nov. 4, 2022), which made a finding that the defendant school had received federal funding as it applied to the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. *Id*. at *11. Notably, the earlier *Doe v. Abington Friends* case arose from alleged acts that took place in the 2019-2020 and 2020-2021 school years, when the defendant school was actually "receiving" PPP loans.

3

*Abington Friends Sch.*, 2022 U.S. Dist. LEXIS at *5-7; *see also Karanick v. Cape Fear Academy*, 608 F. Supp. 3d 268 (E.D.N.C. 2022). Consequently, unlike the case at bar, the defendant school in the first *Abington Friends* case received PPP loans "at a time contemporaneous with the allegedly discriminatory conduct." *Davis*, 2025 U.S. Dist. LEXIS 123630 at *38. Rather than refuting the authority cited by Defendant in its Memorandum in Support of its Motion for Summary Judgment, the *Abington Friends* line of cases is consistent with the authority cited by Defendant in support of its Motion for Summary Judgment. There is no factual dispute that Defendant was not "receiving" federal funding of any sort during the 2023-2024 school year, as those terms are used in Title IX, and Defendant was not subject to Title IX such that Plaintiffs' claims Title IX claims may survive.

**4. Conclusion**

Defendant previously filed a Motion to Dismiss the claims of Plaintiffs under Rule 12, and Plaintiffs responded by begging leave of Court to file an Amended Complaint. The Court granted that motion, and denied Defendant's Motion to Dimsis as moot. *See* Docket Entry No. 39. By contrast, the pending Motion for Summary Judgment was filed under Rule 56, and required Plaintiffs to "put up or shut up," supporting any opposition by "any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Street v. J.C. Brandford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Plaintiff's counsel requested and was immediately granted an extension of time to respond to Defendant's Motion for Summary Judgment from November 11, 2025, to December 5, 2025. *See* Docket Entry No. 52. Despite that grant of additional time, Plaintiffs utterly failed to submit any admissible evidence to support their claims under Title IX or breach of contract, and Defendant accordingly requests that the Court dismiss all Plaintiffs' claims with prejudice.

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

    Arthur Knight, III
    LAW OFFICE OF ARTHUR KNIGHT, III
    3248 Tazewell Pike, Ste 103
    Knoxville, TN 37918
    arthur@arthurfknightlaw.com

    */s/ Peter Robison*
    Peter C. Robison