IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT, TENNESSEE
AT GREENVILLE

| | |
|---|---|
| LANCE AND CHRISTIANA TORBETT<br>As biological parents and next friends of minor Plaintiff L.T.,<br><br>    Plaintiffs,<br><br>v.<br><br>PROVIDENCE ACADEMY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.:  2:25-cv-00033<br>)<br>)   JURY DEMANDED<br>)<br>)<br>)<br>) |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Comes now, Defendant, Providence Academy ("Defendant"), by and through counsel, and Responds in Opposition to the Motion for Leave to File Second Amended Complaint (Docket Entry No. 59) filed by Plaintiffs Lance and Christiana Torbett as biological parents and next friends of minor Plaintiff L.T. (collectively "Plaintiffs").

PROCEDURAL HISTORY

As an initial matter, Defendant would show that the present motion is in fact the third request by Plaintiffs to amend their Complaint. The original Complaint was filed on February 7, 2025, and contained claims arising under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq*. ("Title IX"), as well as various Tennessee state law claims, including "negligence, breach of contract, malicious prosecution, and [*sic*] false imprisonment and outrageous conduct." See Original Complaint ¶ 8, Docket Entry No. 1. Defendant moved to dismiss such claims for failure to state a claim upon which relief could be granted on April 28, 2025. *See* Docket Entry No. 15. After twice requesting additional time to respond (Docket Entry

1

Nos. 17, 23), Plaintiffs filed their first Motion to Amend on June 17, 2025. *See* Docket Entry No. 25. In their proposed Amended Complaint, Plaintiffs dropped most of their Tennessee state law claims, but asserted that Defendant was subject to Title IX because it received federal funding through the Paycheck Protection Program ("PPP"). *See* Docket Entry No. 25-1.

Plaintiffs filed a second motion to amend on July 14, 2025, entitled a "Motion to Amend/Revise Substitute a Corrected Proposed Amended Complaint." *See* Docket Entry No. 37. The new "Corrected Proposed Amended Complaint" contained an additional allegation that Defendant's tax-exempt status with the Internal Revenue Service was a form of federal funding under Title IX. Defendant opposed that "Corrected Proposed Amended Complaint" (Docket Entry No. 38) but the Court granted the motion by way of an Order entered on August 1, 2025. *See* Docket Entry No. 39. The "Corrected Amended Complaint" was filed on August 5, 2025. *See* Docket Entry No. 40. The Court denied Defendant's Motion to Dismiss as moot, but affirmed that "Defendant has leave to refile its motion to dismiss in response to Plaintiff's amended complaint." *See* Docket Entry No. 45.

Defendant served written discovery on Plaintiffs, who served responses between August 25 and September 17, 2025. *See* Docket Entry Nos. 43-44, 46-47. In their responses, Plaintiffs failed to identify any fact or circumstance that would further support their claims for breach of contract under Tennessee law or violation of Title IX. Defendant filed its Motion for Summary Judgment on October 21, 2025, raising some of the same arguments asserted in its Motion to Dismiss, supported by admissible proof as required by Federal Rule of Civil Procedure 56(c). *See* Docket Entry No. 48. As they had done before, Plaintiffs sought additional time to respond to Defendant's Motion for Summary Judgment, and were allowed to respond by December 5, 2025. *See* Docket Entry No. 52. When Plaintiffs finally responded, they cited to no additional proof, as

2

Defendant has highlighted in its Reply, Docket Entry No. 63. Instead, Plaintiffs begged the Court to not rule on the pending Motion for Summary Judgment (Docket Entry No. 57) and once again sought leave to file a "Second Amended Complaint," which would be the fourth proposed complaint filed by Plaintiffs in this matter. *See* Docket Entry Nos. 1, 25-1, 37-1, 59-1. As Defendant will argue more fully below, Plaintiffs are attempting to use Rule 15 to avoid the "put up or shut up" obligation they have to support their claims with admissible proof, and this further request to file yet another amended complaint should be denied. *Street v. J.C. Brandford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

## RULE 15 AMENDMENT STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave <u>when justice so requires</u>." Fed. R. Civ. P. 15(a)(2) (emphasis added). "This analysis requires the Court to consider undue delay in filing, lack of notice to the opposing party, bad faith by the movant, failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment." *Downing v. Botezat*, 2024 U.S. Dist. LEXIS 150485, 15-16 (E.D. TN 2024) (citing *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005)). Unlike the first attempts by Plaintiffs to amend their operative complaints, the most recent Motion to Amend presents a situation of undue delay in filing, bad faith or dilatory motive, failure to cure deficiencies by previous amendments, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

"When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). This attempt to amend comes after both Plaintiffs and Defendant conducted written discovery and the lack of evidence supporting Plaintiffs' claims was revealed. Plaintiffs filed their

3

Motion to Amend after responding to Defendant's Motion for Summary Judgment, and that is clearly Plaintiff's primary motive in seeking leave to file the proposed fourth complaint. Plaintiffs have not identified any justification why they did not include the proposed additional claims earlier in the litigation.

Moreover, as outlined in the procedural history, Plaintiffs have twice filed amended complaints after filing their original complaint, and they now seek to file a fourth complaint. "Repeated failure to cure deficiencies by amendments previously allowed is grounds for denying a motion to amend a complaint." *Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011) ("Because the district court had already allowed for two amendments, it was not an abuse of discretion to deny leave to amend a third time.").

Plaintiffs' delay is closely related to the issue of futility in this matter. "Amendment to a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F. 3d 803, 817 (6th Cir. 2005). Not only have Plaintiffs unduly delayed in making this most recent attempt to assert new claims, with a clear dilatory purpose to avoid the pending Motion for Summary Judgment, the attempted amendment by Plaintiffs would be futile in this case as such claims are barred by the applicable statute of limitations.

Title IX does not contain its own statute of limitations, but the Sixth Circuit has held that the applicable statute of limitations the same as would apply to state personal injury claims, which is one year in Tennessee. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 29 (6th Cir. 1996) (citing Tenn. Code Ann. § 28-3-104(a)); *see also Doe v. Univ. of Tenn.*, 186 F. Supp. 3d 788, 808 (M.D. Tenn. 2016); *Haley v. Clarksville-Montgomery Cty. Sch. Sys.*, 353 F. Supp. 3d 724, 733 (M.D. Tenn. 2018). In this case, it is undisputed that the assault by the minor Plaintiff L.T. at a private off-campus party

4

occurred on February 11, 2024, and the parents of the minor Plaintiff L.T. withdrew him from school after Defendant determined to expel him on February 21, 2024. *See* Amended Complaint, Docket Entry No. 40; Declaration of Benjamin Holland ¶ 21, Docket Entry No. 48-1. Thus, this most recent attempt by Plaintiffs to assert new claims under Title IX comes nearly 22 months after the minor Plaintiff L.T. allegedly suffered any harm by Defendant that he asserts was actionable under Title IX. Plaintiffs do not attempt to hide the fact that their most recent attempt to assert new claims under Title IX are based on borrowed claims drawn from the Complaint filed by the victim of the minor Plaintiff's assault. *See* Docket Entry No. 60. However, unlike the Complaint filed by the victim of the minor Plaintiff L.T., the new claims proposed by Plaintiffs were not subject to a tolling agreement that would allow such claims to be filed outside the one-year statute of limitations. *See* Complaint ¶ 112, *Doe v. Providence Academy, Inc.*, Case No. 2:25-cv-00170, Docket Entry No. 1. Without such a tolling agreement, Plaintiff's proposed new claims under Title IX fail as a matter of law, and allowing such an untimely and futile amendment would be counter to Sixth Circuit case law and a misuse of judicial resources. *Wade*, 259 F.3d at 460.

## CONCLUSION

Plaintiffs' repeated amendments and attempts to assert new claims are a legal version of "whack-a-mole," with new claims popping up under new faulty theories as soon as existing claims are refuted. This is a misuse of judicial resources, and a transparent attempt to avoid the "put up or shut up" moment of summary judgment by Plaintiffs who lack any admissible evidence to support their claims. Accordingly, Plaintiffs' request to file a fourth complaint in this matter should be denied, and Defendant's Motion for Summary Judgment should be granted.

5

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Arthur Knight, III
LAW OFFICE OF ARTHUR KNIGHT, III
3248 Tazewell Pike, Ste 103
Knoxville, TN 37918
arthur@arthurfknightlaw.com
*Counsel for Plaintiffs*

                */s/ Peter Robison*
                Peter C. Robison