## IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT, TENNESSEE
## AT GREENVILLE

| | |
|---|---|
| LANCE AND CHRISTIANA TORBETT<br>As biological parents and next friends of minor Plaintiff L.T.,<br><br>    Plaintiffs,<br><br>v.<br><br>PROVIDENCE ACADEMY,<br><br>    Defendant. | Case No.: 2:25-cv-00033<br><br>JURY DEMANDED |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DEFER CONSIDERING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now, Defendant, Providence Academy ("Defendant"), by and through counsel, and Responds in Opposition to the Motion to Defer Considering Defendant's Motion for Summary Judgment (Docket Entry No. 57) filed by Plaintiffs Lance and Christiana Torbett as biological parents and next friends of minor Plaintiff L.T. (collectively "Plaintiffs").

As a basis for their requested relief, Plaintiffs cite Federal Rule of Civil Procedure 56(d), which is only available "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d). Plaintiffs themselves, the nonmovants in the pending Motion for Summary Judgment, have filed no such affidavit. Instead, they have submitted an affidavit by their counsel, who cites allegations—not facts—made in a separate case, and refers to filings he made on behalf of Plaintiffs on the same day that the Motion to Defer was filed. Defendant has addressed those other pleadings in its Reply in Support of its Motion for Summary Judgment (Docket Entry No. 63) and Response to the

Motion for Leave to File Second Amended Complaint (Docket Entry No. 65) which are hereby incorporated herein by reference.

"A party invoking [the] protections [of Rule 56(d)] must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014) (quoting *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)). "Courts in this circuit have denied requests to defer under Rule 56(d) when the 'affidavit fail[ed] to provide concrete examples of the discovery sought,' such as 'a description of the documents, depositions, affidavits, or other evidence to support' a response in opposition." *Lookout Mt. Suites, LLC v. Pinkston*, 2021 U.S. Dist. LEXIS 34562 at *8 (E.D. Tenn. Feb. 24, 2021) (citing *NCMIC Ins. Co. v. Smith*, 2019 U.S. Distr. LEXIS 74496 at *8 (S.D. Ohio May 2, 2019)); *see also Doe v. City of Memphis*, 928 F.3d 481 (6th Cir. 2019). The affidavit by counsel is not made by the nonmovant Plaintiffs, and fails to identify any "specified reason" why Plaintiffs cannot present facts essential to justify their opposition to the motion, and therefore fails to meet Plaintiffs' burden under Rule 56(d).

Moreover, and most notably, Plaintiffs already filed a Response in Opposition to the Motion for Summary Judgment, and Response to the Statement of Undisputed Material Facts, and a Memorandum of Law before this Motion to Defer was filed. *See* Docket Entry No. 53-55. Plaintiffs did so after receiving an extension of time to respond to Defendant's Motion for Summary Judgment. *See* Docket Entry No. 52. At no point prior to responding to the Motion for Summary Judgment did Plaintiffs identify any "specific reason" why they could not oppose the Motion as required by Fed. R. Civ. P. 56(d). Plaintiffs have fully responded in opposition to the Motion for Summary Judgment, with facts and legal arguments that they contend render summary

judgment inappropriate. If Plaintiffs fail in that opposition, it is only because the facts and the law do not support their claims.

The pending Motion for Summary Judgment deals with factual circumstances that are functionally undisputed, as Defendant highlighted in its Reply. Whether, under the facts of this case, Providence Academy is subject to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX") is a question of law, one that may present an issue of first impression in the Eastern District, as the Court observed in its Order on August 1, 2025. *See* Docket Entry No. 39 at n. 5. The parties have presented all available case law to support their respective positions, and consequently, the matter is ripe for adjudication. Defendant therefore respectfully requests that Plaintiff's Motion to Defer be denied, and that the Court render a ruling on the Motion for Summary Judgment in due course.

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

# CERTIFICATE OF SERVICE

    I hereby certify that on the 18th day of December, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

 Arthur Knight, III
 LAW OFFICE OF ARTHUR KNIGHT, III
 3248 Tazewell Pike, Ste 103
 Knoxville, TN 37918
 arthur@arthurfknightlaw.com
 *Counsel for Plaintiffs*

              */s/ Peter Robison*
              Peter C. Robison