IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT, TENNESSEE
AT GREENVILLE

| | |
|---|---|
| LANCE AND CHRISTIANA TORBETT )<br>As biological parents and next friends of )<br>minor Plaintiff L.T., )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>PROVIDENCE ACADEMY, )<br> )<br>    Defendant. ) | Case No.: 2:25-cv-00033<br><br>**JURY DEMANDED** |

**JOINT STATEMENT REGARDING CONSOLIDATION**

The parties in this matter, Lance and Christiana Torbett as biological parents and next friends of minor Plaintiff L.T. (collectively the "Torbett Plaintiffs") and Defendant Providence Academy ("Providence"), together with the plaintiffs in the matter of *Doe v. Providence Academy et al.*, Case No. 2:25-cv-00170-DCLC-CRW, Plaintiffs John and Mary Doe for themselves and their minor child, James Doe (collectively the "Doe Plaintiffs") and the defendants in that matter, Providence and Benjamin Holland ("Mr. Holland"), hereby file this joint statement regarding consolidation of the two matters pursuant to the Order of the court entered in this case on January 8, 2026 (Docket Entry No. 68).

    **1. Statement of the Torbett Plaintiffs**:

The Torbett Plaintiffs propose consolidating these two (2) cases for discovery only. The Torbett Plaintiffs believe that the requirements of Federal Rule of Civil Procedure 42 are met. Providence Academy is a common defendant and is defending, at least in part, both cases on the grounds that Title IX is not applicable to it. These two (2) cases are both against a common defendant, being represented by the same counsel, and arguably involve the same incident and

timeframe concerning the issues that have been raised. That being said, the issue of applicability of Title IX is common to both cases and therefore, the Torbett Plaintiffs believe consolidation is appropriate.

### 2. Statement of Defendants Providence Academy and Benjamin Holland

Currently pending before the Court is Defendant Providence's Motion for Summary Judgment, which if granted, would obviate any need for consolidation. The Torbett Plaintiffs have abandoned all claims other than those arising under Title IX, and the Title IX claims can be determined by the Court as an issue of law. Defendants in both cases submit that dismissal of the Torbett action is appropriate and would render the question of consolidation moot.

However, if the Court is not inclined to grant the pending Motion for Summary Judgment at this stage, Defendants in both matters would prefer that the cases be consolidated for discovery only so that they are not subjected to duplicative depositions. Defendants in both cases ask the Court to reserve any determination of consolidation of the trial of either matter.

### 3. Statement of the Doe Plaintiffs:

Plaintiffs in the *Doe v. Providence Academy, et al.* case (No. 2:25-cv-00170-DCLC-CRW (the "Doe Case")) oppose formal consolidation, under Fed. R. Civ. P. 42, with *Torbett v. Providence Academy*, No.: 2:25-cv-00033-DCLC-crw).

The factual allegations in the Torbett and Doe lawsuits are materially different and, in fact, are on the whole at odds with each other. True, both the Does and the Torbetts argue that Title IX applies to Providence Academy. But the relevant similarities stop there. The Does' complaint is 204 paragraphs long and includes (a) multiple theories for Federal Tille IX application, (b) multiple state law causes of action, and (c) a myriad of specific factual allegations to support each. The

Torbetts' operative complaint, in contrast, contains one cause of action, on more limited factual grounds, for violation of Title IX. Consolidating the two cases would prejudice the Doe Plaintiffs' ability to fully prosecute their case. Instead of focusing on the sexual assault of the minor James Doe, which Providence and Defendant Holland acknowledge, the Doe Plaintiffs would be forced to divide their time with other plaintiffs who are actively trying to prove something entirely different – i.e., that the Torbett minor's guilty plea should be re-litigated, and that the minor James Doe lied when he reported the assault. See Torbett Amended Complaint ("Compl."), No.: 2:25-cv-00033-DCLC-CRW), (Dkt. No. 40, ¶¶ 7-8). Depositions of Providence Academy and its employees, generally limited to one day of seven hours, would necessarily (a) be subject to lengthening to accommodate the Doe and Torbett plaintiffs, or (b) be time-shared between the Doe and Torbett families – two families with diametrically opposed interests in their respective cases against Defendant Providence Academy. And the Doe Plaintiffs anticipate joining additional parties, some of whom are now strangers to the current lawsuits.

Moreover, consolidation would effectively minimize the gravity of the Does' claims against Providence Academy and Benjamin Holland by making them share a stage with the Torbetts. The minor James Doe deserves his day in Court, and he should not be forced stand on equal footing as the Torbetts against Providence. Respectfully, the Does are not in a position to agree to consolidation, which they submit would not serve the interests of fairness or efficiency. .

Counsel for the Does interprets the Court's Order in the Torbett case as soliciting the Does' opinion. Counsel does not take the Order to solicit, or require, briefing on the consolidation issue. The Doe Plaintiffs are happy to provide additional detail supporting their position if the Court wishes, or requires, it.

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

## CERTIFICATE OF SERVICE

   I hereby certify that on the 20th day of January, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

Arthur Knight, III
LAW OFFICE OF ARTHUR KNIGHT, III
3248 Tazewell Pike, Ste 103
Knoxville, TN 37918
Email: arthur@arthurfknightlaw.com
*Attorney for Torbett Plaintiffs*

The following will be served by email:

Tricia Herzfeld
Joe P. Leniski, Jr.
Daniel P. Hull
**HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL PLLC**
1920 Adelicia Street, Suite 300
Nashville, TN 37212
Email: tricia@hsglawgroup.com
   joey@hsglawgroup.com
   daniel@hsglawgroup.com

E. Patrick Hull (BPR No. 4437)
**THE HULL LAW FIRM**
201 W. Sullivan Street
Kingsport, Tennessee 37660
Sullivan Street at Shelby Street
Email: pat@hull-firm.com

*Attorneys for Doe Plaintiffs*

            */s/ Peter Robison*
            Peter C. Robison