UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| LANCE TORBETT, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 2:25-CV-33 |
| PROVIDENCE ACADEMY, | ) |
| Defendant. | ) |

**ORDER**

Plaintiffs have filed a Motion for Leave to File Second Amended Complaint [Doc. 59]. Defendant has filed a Response in Opposition [Doc. 65] to which Plaintiffs have filed a Reply [Doc. 67]. For the reasons stated herein, Plaintiffs' Motion for Leave to File Second Complaint [Doc. 59] is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs filed their Complaint [Doc. 1] on February 7, 2025, alleging that Defendant violated Title IX when it expelled Minor Plaintiff due to alleged conduct that occurred on February 11, 2024 at an off-campus party. Plaintiffs also asserted claims of negligence, breach of contract, malicious prosecution, false imprisonment, and outrageous conduct. Defendant filed an Answer [Doc. 10] wherein it asserted several affirmative defenses. Subsequently, Defendant filed a Motion to Dismiss [Doc. 15] and supporting memorandum [Doc. 16]. In response, Plaintiffs filed a Motion to Amend Complaint [Doc. 25] contemporaneously with a Response to Defendant's Motion to Dismiss [Doc. 26] asserting that the Proposed Amended Complaint "should alleviate any need Defendant desires to adjudicate this matter dispositively." [Doc. 26, p. 1]. Defendant filed a

Response in Opposition to Plaintiff's Motion to Amend[1] [Doc. 33] wherein it argued that Plaintiffs' proposed amendments were futile. Before the Court ruled on Plaintiffs' initial Motion to Amend [Doc. 26] Plaintiffs filed a Motion to Substitute a Corrected Proposed Amended Complaint [Doc. 37] seeking leave to substitute an attached Proposed Amended Complaint [Doc. 37-1] in place of the Proposed Amended Complaint [Doc. 26-1] filed with Plaintiffs' Motion to Amend [Doc. 26] that effectively superseded the initial motion to amend.

Ultimately, the Court granted Plaintiffs' Motion to Substitute a Corrected Proposed Amended Complaint and denied as moot Plaintiffs' initial Motion to Amend Complaint. [Doc. 39]. Plaintiffs then filed their Amended Complaint on August 5, 2025. [Doc. 40]. Thereafter, Defendant's Motion to Dismiss [Doc. 15] was denied as moot with leave to refile in response to Plaintiff's amended complaint. [Doc. 45]. Instead of re-filing a motion to dismiss, Defendant instead filed a Motion for Summary Judgment [Doc. 48] along with a supporting memorandum [Doc. 50] and Statement of Material Facts [Doc. 49]. On December 5, 2025, Plaintiffs filed Responses [Docs. 53-55] to Defendant's summary judgment motion and statement of material facts along with the instant motion to amend.[2]

Plaintiffs have now requested leave to amend their complaint for a second time.[3] In support of this request, Plaintiffs state that the proposed second amended complaint adds additional support for their contention that Defendant was subject to Title IX at the time of the incident in question because it was a member of the Tennessee Secondary Schools Athletic Association (TSSAA").

---

[1] Defendant also incorporated its Memorandum in Support of Motion to Dismiss [Doc. 16] into its Response in opposition to Plaintiff's Motion to Amend.
[2] Plaintiffs also simultaneously filed a Motion [Doc. 57] asking the Court to defer consideration of Defendant's summary judgment motion that is currently pending before the District Court.
[3] In its Response, Defendant asserts that the pending motion is the third request by Plaintiffs to amend their complaint. [Doc. 65]. While this is technically true, Plaintiffs' first motion to amend was denied as moot and Plaintiffs have only amended their complaint once before. As such, the Court finds it appropriate to classify the pending motion as a second request to amend the complaint rather than a third.

The proposed amended complaint contends that by accepting membership in the TSSAA, Defendant voluntarily agreed to comply with Title IX. [Doc. 59, p. 1]. The proposed amended complaint also removes Paragraph 10 of the first amended complaint [Doc. 40] in its entirety, which alleges that Defendant violated state law and its own policies and procedures in its treatment of Minor Plaintiff.

Plaintiffs also note that a companion case pending in this Court, *Doe v. Providence Academy, Inc.*, Case No. 2:25-CV-00170 (E.D. Tenn. 2025) includes allegations that Defendant is subject to Title IX by virtue of its membership in the TSSAA. [Doc. 60, p. 2].[4] Plaintiffs argue that the applicability of Title IX to Defendant is a central issue in both the instant case and the companion case which justifies amendment at this juncture. *Id.* Additionally, Plaintiffs note that Defendant is represented by the same counsel in both matters.

Defendant objects to Plaintiffs' request to amend, arguing that the instant motion "presents a situation of undue delay in filing, bad faith or dilatory motive, failure to cure deficiencies by previous amendments, and futility of the amendment." [Doc. 65, p. 3].[5] Defendant also argues that Plaintiffs are attempting to assert new Title IX claims that are untimely. *Id.* at p. 5. However, Plaintiffs' Reply reiterates that they are not attempting to assert a new claim at all but are merely asserting additional support for their existing Title IX claim by adding an allegation that Defendant's membership in TSSAA subjects it to Title IX requirements. [Doc. 67].

II.   ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure permits the amendment of a pleading within 21 days of service or thereafter with the opposing party's written consent or leave of the

---

[4] The Court notes that these two cases are so intertwined that the District Court is considering whether they should be consolidated. *See* [Doc. 68].
[5] Defendant's sole objection appears to be to the addition of the TSSAA language and has voiced no objection to the removal of paragraph 10.

court. Leave should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Motions for leave to amend are routinely granted based on the principle that cases should be tried on the merits rather than procedural technicalities. *Inge v. Rock Fin. Corp.*, 338 F.3d 930, 936 (6th Cir. 2004). A trial court has broad discretion to determine whether leave to amend a pleading should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'" *Knox Trailers, Inc. v. Clark*, No.3:20-cv-137, 2020 WL 12572938, at *1 (E.D. Tenn. Nov. 19, 2020) (citing *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016)). At the same time, amendment is not appropriate in instances of bad faith, undue delay, repeated failure to cure deficiencies by amendments previously allowed, where the amendment would cause undue prejudice to the opposing party, or the amendment is futile. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[A] proposed amendment may be denied as futile if it could not withstand a Rule 12(b)(6) motion to dismiss." *Cash-Darling v. Recycling Equip., Inc.*, No. 2:19-CV-00034-JRG, 2019 WL 13120191, at *2 (E.D. Tenn. July 17, 2019) (citing *PFS HR Solutions, LLC v. Black Wolf Consulting, Inc.*, No. 1:17-cv-277-JRG-SKL, 2018 WL 5263031, at *2 (E.D. Tenn. June 28, 2018)). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Manasher v. NECC Telecom*, No. 06-10749, 2006 WL 3543639, at *2 (E.D. Mich. Dec. 8, 2006), *order clarified*, No. 06 10749, 2006 WL 3775955 (E.D. Mich. Dec. 18, 2006) (quoting *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

Defendant argues in its Motion for Summary Judgment that Defendant is not subject to Title IX because it is not a recipient of federal funds within the meaning of Title IX. Plaintiffs now seek to amend their complaint to provide further support for the assertion that Defendant is in fact

subject to Title IX's requirements, relying upon Defendant's membership and participation in the TSSAA. As previously stated, one of the grounds Defendant asserts in opposing Plaintiff's requested amendment is that permitting it would be futile. However, in making this argument, Defendant does not argue that Defendant's status with TSSAA has no bearing on its requirement to comply with Title IX or that the applicability of Title IX to Defendant is not a central issue to the case but instead argues that the allegation is futile because it attempts to raise a new Title IX claim that is untimely. [Doc. 65, p. 4-5].

In considering Defendant's contention, the Court notes that Plaintiffs' proposed amended complaint relies upon the same February 11, 2024 incident described in Plaintiffs' original and first amended complaints to support their assertion that Defendant committed a Title IX violation. [Docs. 40, 59-1]. As such, the Court cannot interpret Plaintiff's proposed amendment as asserting a new Title IX claim against Defendant, which in turn means that it is not futile because it is untimely as suggested by Defendant. Aside from this timeliness argument, Defendant provides no other reason why such an amendment would be futile. Moreover, the Court agrees with Plaintiff that the issue of Title IX applicability is a central issue in this case. As such, the proposed amendment will directly impact Defendant's summary judgment argument that it is not subject to Title IX requirements. If the facts Plaintiffs seek to add bear on core issues, i.e., those which are more aptly resolved through dispositive motion briefing and hearing, then the court cannot say that the amendments are futile. *Drake v. Greeneville Collection Serv., Inc.*, 2:19-CV-00001-CLC, 2019 WL 13220923 at *2 (E.D. Tenn. July 17, 2019) (granting a motion to amend and in doing so observing that in making their futility arguments, defendants were essentially asking the court to rule on legal issues raised in their pending dispositive motions).

Having determined that Plaintiffs' proposed amendment is not futile, the Court now turns to the other reasons Defendant cites to support its position that Plaintiffs' motion should be denied. First, Defendant argues that Plaintiffs unduly delayed seeking to amend. [Doc. 65, p. 3]. Specifically, Defendant argues that this motion comes at a late stage in the litigation, meaning that Plaintiffs should be held to a higher standard in justifying the amendment is necessary before the Court permits them another opportunity to amend. *Id.* In support, Defendant notes that both parties have already conducted written discovery and Plaintiffs' motion comes after Defendant has already filed its motion for summary judgment, ultimately arguing that Defendant's motion for summary judgment is Plaintiffs' primary motive for filing the instant motion. *Id.* at p. 3-4. Defendant further argues that Plaintiffs' previous amendments constitute a repeated failure to cure deficiencies that warrants denial of the instant motion.[6]

"[A]mending a complaint to cure pleading deficiencies is 'entirely proper,' even if motions for summary judgment have already been briefed." *J&R Passmore, LLC v. Rice Drilling D, LLC*, No. 2:18-CV-1587, 2024 WL 111661, at *2 (S.D. Ohio Jan. 10, 2024) (citing *Landstar Ranger, Inc. v. The City of Delaware*, No. 2:22-cv-02008, 2022 WL 7322274, at *3 (S.D. Ohio Oct. 13, 2022)). Additionally, while Defendant has already filed a motion for summary judgment, the dispositive motions deadline in this matter is not until August 3, 2026, and the discovery deadline is set for June 19, 2026. [Doc. 22]. Moreover, the trial in this matter is scheduled for December 1, 2026, almost ten months from now. *Id.* As such, the Court cannot find that this amendment is so unduly delayed as to unfairly prejudice Defendant in this litigation. Further, the issue of whether membership in the TSSAA triggers a requirement to comply with Title IX has already been raised

---

[6] Although Defendant asserts that the instant motion "presents a situation of…bad faith or dilatory motive," it provides no factual or legal support for this assertion. Thus, the Court finds it unnecessary to address that issue. [Doc. 65, p. 3].

in the companion case in which Defendant is represented by the same attorneys, so defense counsel should already be well prepared to address that issue.

Finally, Defendant argues that Plaintiffs have already had two opportunities to amend their complaint and have provided no justification for why the allegation related to TSSAA membership could not have been included in an earlier amendment. [Doc. 65, p. 4]. While repeated failures to cure deficiencies through previous amendments can be grounds for denying leave to amend a complaint, the fact that deficiencies were not cured by previous amendments does not *require* denial of further leave to amend. Failure to cure deficiencies through previous amendments is only one factor to be considered in determining whether amendment should be permitted. *See 1704 Farmington, LLC v. City of Memphis*, No. 08-2171-STA, 2009 WL 2065337, at *3 (W.D. Tenn. July 10, 2009). Although Plaintiffs have failed to include the assertion that Defendant's TSSAA participation subjects it to the requirements of Title IX in previous amendments, this failure does not rob Defendant of adequate notice of this issue because these proceedings are still at a fairly early stage and Defendant's TSSAA participation as a trigger for Title IX compliance has been raised in the companion case in which Defendant is represented by the same counsel. Simply put, Defendant will not be unfairly prejudiced by permitting amendment at this stage. *See Manasher*, 2006 WL 3543639, at *2.

In sum, the proposed amendment touches on a core issue of this case, i.e. whether Defendant is bound by the strictures of Title IX, Defendant was already on notice that TSSAA membership may impact the applicability of Title IX since that argument was raised in the companion case arising from the same facts at issue here, and permitting amendment at this stage will still afford Defendant an adequate opportunity to conduct discovery related to and brief this issue as the discovery and dispositive motions deadlines have not yet passed. Accordingly, the

Court finds that under the lenient amendment standard set forth in Rule 15, Plaintiffs should be permitted to amend their complaint as requested. *See Knox Trailers, Inc.*, 2020 WL 12572938, at *1.

### III. CONCLUSION

Based upon the foregoing, the Court finds that it is appropriate to permit Plaintiffs to amend their complaint as set forth in the Motion for Leave to File Second Amended Complaint [Doc. 59] and supporting documents [Docs. 59-1, 60, 67] Accordingly, Plaintiffs' Motion [Doc. 59] is **GRANTED**. Plaintiffs **SHALL FILE** their Amended Complaint on or before **February 27, 2025**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge