UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LANCE AND CHRISTIANA TORBETT, as biological parents and next of friends of minor Plaintiff L.T., <br><br> Plaintiffs, <br><br> v. <br><br> PROVIDENCE ACADEMY, <br><br> Defendant. | ) ) ) ) ) ) ) ) No. 2:25-CV-00033-DCLC-CRW ) ) ) ) ) |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Defer Considering Defendant's Motion for Summary Judgment [Doc. 57] and Defendants' Response in Opposition [Doc. 66]. In moving the Court to postpone ruling on the motion for summary judgment, Plaintiffs note that they have moved to amend their complaint to include a claim that Defendant's "participation as a member of the Tennessee Secondary School Athletic Association ('TSAAA') subjects it to Title IX," [Pls.' Mot. at 1], and United States Magistrate Judge Cynthia R. Wyrick has granted leave to Plaintiffs to file an amended complaint, [Order, Doc. 70]. Plaintiffs maintain, under Federal Rule of Civil Procedure 56(d), that the Court should permit them to conduct discovery on its new claim before it rules on Defendant's motion for summary judgment. [*Id.*]. Defendant, however, argues that this new claim presents "a question of law" and does not require discovery. [Def.'s Resp. at 3].

Rule 56(d) permits the Court to allow a party "to take discovery" when that party "cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d) (emphasis added), and although the Sixth Circuit has stated whether a "school system [is] subject to the provision of

Title IX" is a "question of law," *Othen v. Ann Arbor Sch. Bd.*, 699 F.2d 309, 313 (6th Cir. 1983), Plaintiffs identity factual issues that may be relevant to a determination of whether Defendant is subject to Title IX. For example, Plaintiffs, in their proposed amended complaint, allege that Defendant is subject to Title IX because it "voluntarily agreed to comply with Title IX when it applied for membership and/or alternatively, when it was granted membership in the TSSAA." [Pls.' Proposed Am. Compl., Doc. 59-1, at 2]. Plaintiffs also allege that Defendant, "[b]y ceding control" of its operations and its athletic department to the TSSAA, "is subject to Title IX for this additional reason." [*Id.*]. Whether Defendant agreed to comply with Title IX, applied for membership with the TSSAA, and ceded control of its operations and athletic department to the TSSAA are questions of fact.

Because Plaintiffs have not yet had the opportunity to take discovery on these factual questions, Plaintiffs succeed in showing that they cannot present facts to oppose Defendant's request for "dismiss[al] [of] all Plaintiffs' claims with prejudice." [Def.'s Mem., Doc. 50, at 22]. Plaintiffs' Motion to Defer Considering Defendant's Motion for Summary Judgment [Doc. 57] is therefore **GRANTED**, and rather than leave Defendant's Motion for Summary Judgment [Doc. 48] pending for an extended period of time, the Court will deny that motion and permit Defendant to renew it once the parties have conducted adequate discovery. Defendant's motion for summary judgment is therefore **DENIED with leave to renew**.

    **SO ORDERED:**

s/Clifton L. Corker  
United States District Judge
