# IN THE U.S. DISTRICT COURT
# FOR THE EASTERN DISTRICT, TENNESSEE
# AT GREENVILLE

| | |
|---|---|
| LANCE AND CHRISTIANA TORBETT<br>As biological parents and next friends of minor Plaintiff L.T., <br><br>    Plaintiffs,<br><br>v.<br><br>PROVIDENCE ACADEMY,<br><br>    Defendant. | No.: 2:25-cv-00033<br><br>**JURY DEMANDED** |

## ANSWER TO SECOND AMENDED COMPLAINT

Providence Academy ("Defendant"), by and through counsel, hereby files its Answer to the Second Amended Complaint filed by Plaintiffs Lance and Christiana Torbett as biological parents and next friends of minor Plaintiff L.T. (collectively "Plaintiffs").

1. Admitted.

2. With respect to the first two sentences contained in the first full paragraph of Paragraph 2, this Defendant admits only that it is a private K-12 school. It is denied that Defendant receives federal funds or otherwise is subject to Title IX of the Educational Amendments of 1972. With respect to the third sentence contained in the first full paragraph of Paragraph 2, it is admitted only that the minor Plaintiff was a student at the Defendant's school until his voluntary withdrawal from the school on or about February 21, 2024. The fourth sentence of the first full paragraph of Paragraph 2 is admitted. With respect to the remaining sentences in the first full paragraph of Paragraph 2, Defendant denies that it is subject to Title IX in any regard. While Defendant admits it received PPP assistance, Defendant did not receive PPP funds during the year that this incident occurred. Further, courts across the nation (including the U.S. District Court for the Middle District

of Tennessee and the U.S. Courts of Appeals for the Fourth Circuit and Second Circuit) have held that tax-exempt status does not constitute receipt of federal funds. *Buettner-Hartsoe v. Baltimore Lutheran High Sch. Ass'n*, 96 F.4th 707, 715 (4th Cir. 2024) ("[T]ax exempt status pursuant to 26 U.S.C. § 501(c)(3) does not equate to 'receiving Federal financial assistance' for purposes of Title IX."), *Doe by & through Doe v. Currey Ingram Acad.*, 721 F. Supp. 3d 682, 688 (M.D. Tenn. 2024) ("[T]ax-exempt status does not mean that [defendant] has been extended [f]ederal financial assistance' . . . within the scope of Title IX."), *Doe v. Horne*, No. CV-23-00185-TUC-JGZ, 2023 U.S. Dist. LEXIS 240844, 2023 WL 11892137, at *4 (D. Ariz. Dec. 11, 2023) ("501(c)(3) tax-exempt status is not the type of grant or arrangement that qualifies as federal financial assistance" under Title IX or the Rehabilitation Act), *Johnny's Icehouse, Inc. v. Amateur Hockey Ass'n Illinois, Inc.*, 134 F. Supp. 2d 965, 972 (N.D. Ill. 2001) ("[T]ax exempt status, without more, is . . . insufficient to subject [defendant] to the antidiscrimination requirements of Title IX."), and *Bachman v. Am. Soc. of Clinical Pathologists*, 577 F. Supp. 1257, 1264 (D.N.J. 1983) ("[T]he Rehabilitation Act was not intended to cover tax-exempt institutions absent any further affirmative federal financial assistance.") Defendant further states that none of the allegations contained in the first full paragraph of Paragraph 2 subject this Defendant to Title IX.

The second full paragraph contained within Paragraph 2 references records not attached to the Complaint and contains legal conclusions to which no response is required. Additionally, Defendant states that its membership in the TSSAA does not trigger the application of Title IX to Defendant. Nowhere in the Bylaws or the Constitution of the TSSAA is there any reference to Title IX or its requirements, nor does the TSSAA Handbook mention discrimination. As such, Defendant denies any application of Title IX as is referenced within the second full Paragraph

contained in Paragraph 2 of the Second Amended Complaint. All other allegations contained in Paragraph 2 are denied.

3. It is admitted only, upon information and belief, that the minor Plaintiff attended a Super Bowl social gathering at a private residence on Sunday, February 11, 2024, and that the event was not a school-sanctioned event and did not take place on school premises. This Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in the remainder of Paragraph 3.

4. With respect to the allegations contained in Paragraph 4, it is admitted only that a minor child who was a student at the Defendant's school reported an alleged assault to a teacher, that this Defendant reported the allegation to legal authorities as required by Tennessee law. All other allegations contained in Paragraph 4 are denied.

5. With respect to the allegations contained in Paragraph 5, it is admitted only that this Defendant conducting a throughout investigation and interviewed the minor Plaintiff in the presence of his parents, the adult Plaintiffs, and that the minor Plaintiff admitted the substance of the allegations, and that as a result the minor Plaintiff was suspended and later voluntarily withdrew from the school. All other allegations contained in Paragraph 5 are denied.

6. With respect to the allegations contained in the first sentence of Paragraph 6, it is admitted only that the allegations of the minor child student were reported to legal authorities as required by Tennessee law. This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the second sentence of Paragraph 6. All remaining allegations contained in Paragraph 6 are denied.

7. It is admitted only, upon information and belief, that the minor Plaintiff pleaded guilty to a lesser charge. This Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 7.

8. Paragraph 8 contains a series of legal conclusions to which no response is required. To the extent that Paragraph 8 contains any factual allegations, the same are denied. It is specifically denied that this Defendant receives federal funds or is subject to the provisions of Title IX. The Defendant further denies that it had to provide due process to the student prior to making any decisions regarding the minor Plaintiff's status as a student.

9. Defendants admit that Plaintiff was in the eighth grade during the 2023-24 academic year at the time of this incident. Defendants state that Plaintiff was voluntarily withdrawn from the school prior to expulsion. Defendants also admit Plaintiff had attended Providence Academy since being enrolled in Kindergarten, that Plaintiff's siblings attended the school, and that at one time, Christina Torbett was employed at the school. None of the above facts subject the Defendant to Title IX. All remaining allegations in Paragraph 9 are denied.

10. Paragraph 10 contains a series of legal conclusions to which no response is required. To the extent that Paragraph 10 contains any factual allegations, the same are denied.

11. All allegations not previously admitted or denied are hereby denied, and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

1. This Defendant does not receive federal funds and is not subject to the provisions and requirements Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, and therefore, this Court lacks subject matter jurisdiction over Plaintiffs' claims.

2. The Second Amended Complaint fails to state an *ad damnum* that exceeds the jurisdictional threshold of this Court under 28 U.S.C. § 1332(a), and accordingly, this Court lacks subject matter jurisdiction over the state law claims.

3. Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted for violation of Title IX because it fails to allege or that this Defendant receives federal funding within the meaning of 34 C.F.R. § 106.1, which would subject Defendant to the provisions of Title IX. *NCAA v. Smith*, 525 U.S. 459 (1999).

4. Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted because Defendant, a private institution, does not have to afford the minor Plaintiff due process prior to any disciplinary action or decision as it is not a political subdivision of the state. *See Goss v. Lopez*, 419 U.S. 565 (1975)(applying the Due Process Clause to public schools, which are state actors); Amdt. 14 U.S. Const. ("No *State* shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any *State* deprive any person of life, liberty, or property without due process of law.")(emphasis added).

5. Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted for breach of contract, as Defendant followed its own policies and procedures contained within the Student Handbook. Further, minor Plaintiff's actions clearly constituted Serious misconduct/infractions as was outlined in the Student Handbook.

6. Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted as it states no *ad damnum* and no amount sought.

7. This Defendant would request that Defendant be able to amend this Answer as additional facts are revealed during discovery.

8. This Defendant prays that the Court empanel a jury of six persons to try this cause, and to enter a judgment in favor of Defendant against Plaintiffs, including all costs under 28 U.S.C. § 1332(b) and attorneys' fees, along with any further relief to which Defendant may be entitled.

Respectfully submitted:
LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March 2026, a copy of the foregoing Answer to the Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Arthur Knight, III
LAW OFFICE OF ARTHUR KNIGHT, III
3248 Tazewell Pike, Ste 103
Knoxville, TN 37918
arthur@arthurfknightlaw.com

*/s/ Mikel A. Towe*
Mikel A. Towe
