## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | |
|---|---|
| **LANCE AND CHRISTIANA TORBETT**<br>**as biological parents and next friends of**<br>**minor Plaintiff L.T.,**<br><br>     **Plaintiffs,**<br><br>**v.**<br><br>**PROVIDENCE ACADEMY,**<br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

        **No. 2:25-cv-00033-DCLC-CRW**<br>        **JURY DEMANDED**

### DECLARATION OF LANCE TORBETT

In accordance with 28 U.S.C. § 1746, I, Lance Torbett, make the following declaration:

1. I have personal knowledge of the following facts and if called to the stand would so testify.

2. I was out of town on February 15, 2024, when Mr. Holland summoned my wife Christina Torbett to his office at Providence Academy, and later asked my son to come into his office where it is my understanding that Mr. Holland asked my son if he stuck his fingers up the butt of another male minor, which my son denied. My wife, Christina Torbett attended the brief meeting, and I would defer to her declaration as to what was actually said.

3. I do know, however, that my son was immediately suspended and sent home from Providence Academy pending an "investigation" by Mr. Holland. I made multiple attempts to contact Mr. Holland, Board member, or any official at Providence Academy concerning my son's enrollment status, or Mr. Holland's "investigation" as well as requesting my son's school work. I never received a response.

4. Finally, at 4:06 p.m., on Wednesday, February 21, 2024, I sent an email to inform Providence Academy that my wife and I were withdrawing our son from Providence Academy, as of February 21, 2024, as we could not leave him out of school any longer while waiting on Mr. Holland to finish his "investigation." We asked for my son's records to facilitate his enrollment elsewhere. Yet, apparently, Mr. Holland and the Board had already made the decision to expel my son and ban him from campus or any Providence Academy sponsored events based on the "acts performed" on February 11, 2024, at a Super Bowl party. I was informed of this decision via email dated February 21, 2024, at 4:14 p.m. We did not wish to withdraw my son from Providence Academy as he had attended Providence Academy from Kindergarten through February of his eighth grade year. He was enrolled at Providence Academy every year, and every grade, with no interruption. The withdrawal email was sent solely because no one would respond in any way to us, and we felt we were in indefinite limbo concerning my son's enrollment status.

5. We did not, and my son did not, participate in the investigation in any way, and in fact, was excluded from the entire process. It is my understanding that none of the boys at the party made any statement implicating my son in such conduct. In fact, both my son, and the boys, indicated to Mr. Holland, and their parents, that the minor who was the alleged victim actually started the goosing and goosed my son as well as the other boys. I understand that Mr. Holland pressured the other boys at the party to write statements implicating my son of the false claim being made, but no one did.

6. I was not happy at the disparaging way Mr. Holland spoke to my wife and my son during the brief meeting in his office. I demanded to speak with him and did the next morning. I specifically asked Holland about the particulars of any "investigation" that he was planning to conduct, and he informed me that the matter was with law enforcement. I honestly don't know how law enforcement became involved, however, I again explained to Mr. Holland that none of

2

the other boys at the party backed up the allegation and all of the boys were wrestling at times with each other with their clothes on. Actually, my son, and the boys at the party indicated that the alleged victim started "goosing", and in fact had goosed my son and the other boys. So, I suppose that we could have petitioned the Juvenile Court to charge the alleged victim with rape if that is sufficient to start a prosecution. Of course, we did not as no one was raped, and to say otherwise would have been totally dishonest.

7.      I know that I have been told that the alleged victim has made this claim before at Providence Academy, but the security guard viewed the surveillance camera and debunked the accusation. I was told that his only punishment was to write a letter of apology. It is also my understanding that Providence Academy subsequently had to take similar action against the alleged victim and expelled him from enrollment the day after the indefinite suspension of my son.

8.      Almost immediately, multiple inquiries and letters came pouring in from members of the community, including those that work at Providence Academy entirely supporting my son.

9.      It is true that I sent an email at 4:06 on February 21, 2024, withdrawing my son from Providence Academy as no one would respond to me about my son's enrollment status or missing schoolwork. My intent to withdraw was only meant to be temporary as my wife and I were never told the status of my son's enrollment other than he was indefinitely suspended pending an "investigation" and we were never told a time limit on the suspension. Yet, at 4:14 p.m. on February 21, 2024, my wife and I received an email from the Board and Mr. Holland indicating that my son had been expelled. No detail was given other than for "acts performed" at the February 11, 2024 Super Bowl party. My son was likewise banned from the campus of Providence Academy or any of its sponsored events.

10.      At no time, has my son ever admitted to digitally raping the alleged victim, or any conduct which may support such an allegation. That was apparently clear to the Juvenile Court as

3

within two (2) months of being charged with rape, my son took an <u>Alford</u>/best interest plea to aggravated reckless assault. He was sentenced to probation and his pittance was to perform 200 hours of community service. We also had to pay $64.00 in Court costs. My son's probation ended early and he received accolades from multiple members of the community who wrote letters to the Court, and the presiding Judge for his demeanor and performance.

11.    Again, at the time of the alleged incident, expulsion, and proceedings in Juvenile Court, my son was 14 years of age and in eighth grade. He has always maintained that he was totally innocent of not only the formal charge of rape as defined by Tennessee law, but the allegation that he stuck his fingers in or around the anus of the alleged victim. We made the decision to cease the prosecution as parents formal charge was rape and the alleged victim was seeking incarceration. Moreover, the <u>Alford</u>/best interest plea allowed my son to maintain his innocence and the sanction of probation was acceptable to me as we all wanted this matter to be over. Additionally, a primary concern of mine was the continued accumulation of substantial costs and fees in defending the prosecution. With the cessation of the prosecution, the costs and fees ended. Yet, I am in no way attempting to disparage my son's lawyer in any way and appreciate his representation.

12.    As stated previously, my son completed probation early, and his file has been closed.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 12th day of June, 2026.

Lance Torbett

4