| | |
|---|---|
| LANCE AND CHRISTINA TORBETT ) <br> as biological parents and next friends of ) <br> minor Plaintiff L.T., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PROVIDENCE ACADEMY, ) <br> ) <br>     Defendant. ) | No. 2:25-cv-00033-DCLC-CRW <br> JURY DEMANDED |

## DECLARATION OF CHRISTINA TORBETT

In accordance with 28 U.S.C. § 1746, I, Christina Torbett, make the following declaration:

1. I have personal knowledge of the following facts and if called to the stand would so testify.

2. I was called to Ben Holland's office at Providence Academy on February 15, 2024. My son "the minor Plaintiff" was 14 years of age at the time and enrolled in the eighth grade.

3. He has been enrolled, and attended each school year at Providence Academy since he was in Kindergarten.

4. I arrived first. Mr. Holland told me outside the presence of my son that my son was accused of putting his fingers into the anus of another minor at a Super Bowl party on February 11, 2024, at one of my son's friend's house while adults were also present at the house.

5. I, of course, was shocked.

6. Mr. Holland then asked my son to come into the room and instructed my son to tell him what went on at the party. My son was calm, but did not understand the question. Mr. Holland asked my son if he stuck his finger up the butt of another minor while wrestling. Additionally, Mr.

Holland insinuated that the boys had their clothes off, but my son insisted that everyone's clothes were on, and at no time, did he place his fingers up the butt of the minor in question while wrestling, or at any other time.

7.      My son explained several boys, including the minor in question, were wrestling, and the minor in question started "goosing" my son and the other boys. "Goosing" or "corn-dogging" is simply poking or pinching someone in the buttocks. I even know that it is not digital rape, or as Mr. Holland described to my son "sticking his fingers up the butt" of another minor.

8.      After the minor in question "goosed" my son and the other boys, my son "goosed" him.

9.      Mr. Holland then asked my son to leave the room, and when he did, Mr. Holland told me that my son was not taking this "seriously." He also stated that I needed to get my affairs in order.

10.     I responded that I did not understand the seriousness of what he was talking about either or what Mr. Holland was actually telling me. He then told me that he was suspending my son immediately and he would be in touch with either me or my husband after he conducted his "investigation."

11.     Likewise, Mr. Holland did not inform my son of the seriousness of the situation and my son had no clue what Mr. Holland was talking about. Yet, my son never laughed or was in any way disrespectful.

12.     At no time, however, did my son admit to the accusation of digital rape, or anything close to the accusation of digital rape. To my knowledge, Mr. Holland did not record his questioning of my son, however, the Dean of Boys at the time of the incident, Michael Burns, was taking notes. My son was not asked to write a statement, and I, and my husband, did not in any way participate in Mr. Holland's "investigation" until we received an email from Mr. Holland on

2

Case 2:25-cv-00033-DCLC-CRW      Document 82-2      Filed 06/12/26      Page 2 of 3
PageID #: 636

February 21, 2024, at 4:14 p.m. informing us that my son had been expelled from Providence Academy. He not only expelled him, he banned my son from returning to campus, or any Providence Academy sponsored event. No detail was provided for the expulsion other than for acts performed on the evening of February 11, 2024, and referred my husband and I to the Parent/Student Handbook and our FACTS family portal.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 12th day of June, 2026.

Christina Torbett