| | |
|---|---|
| **LANCE AND CHRISTIANA TORBETT** ) | |
| **As biological parents and next friends of** ) | |
| **minor Plaintiff L.T.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No.:  2:25-cv-00033** |
| **v.** ) | |
| ) | **JURY DEMANDED** |
| **PROVIDENCE ACADEMY,** ) | |
| ) | |
| **Defendant.** ) | |

## REPLY IN SUPPORT OF DEFENDANT PROVIDENCE ACADEMY'S
## SECOND MOTION FOR SUMMARY JUDGMENT

Providence Academy ("Defendant" or "Providence"), by and through counsel, hereby files

this Reply in Support of its Second Motion for Summary Judgment to address arguments raised by

Plaintiffs Lance and Christiana Torbett as biological parents and next friends of minor Plaintiff L.T.

(the "minor Plaintiff") (collectively "Plaintiffs") in their Response to the Motion.

**1. Plaintiffs have abandoned their Tennessee law claims for breach of contract.**

As in their Response to Defendant's first Motion for Summary Judgment, Plaintiff's Response

to the instant Motion makes no effort to support Plaintiffs' claim for breach of contract under

Tennessee law. Defendant is therefore entitled to summary judgment as to all such state law claims.

**2. Plaintiffs cannot identify any facts or evidence to support their assertion that Defendant
was subject to Title IX.**

Plaintiffs have not presented any admissible evidence to support their assertion that Defendant

was subject to Title IX of the Educational Amendments of 1972 ("Title IX"). Plaintiffs made

"objections" to Defendant's Statements of Material Facts Nos. 20-22, but do not cite supporting

1

evidence in the record to actually dispute those statements. For example, in response to Statement 20, Plaintiffs say that the statement "is contrary to both the Handbook attached as an Exhibit to Mr. Holland' Declaration, as well as the TSSAA website[.]" They do not identify any paragraph or provision of the TSSAA Handbook or the TSSAA website that actually create an issue of fact, and Defendant reaffirms that neither document references Title IX.  Similarly, Plaintiffs "object" to Statement 21 about Defendant not ceding controlling authority to TSSAA, citing the TSSAA Handbook and the TSSAA website, but they fail to identify any paragraph or provision that supports this assertion. Likewise, although the response to Statement 22 is "Disputed," the citation to the record is once again the TSSAA Handbook and the TSSAA website, with no specific citation. As Defendant set forth in its Memorandum of Law in Support of its Second Motion for Summary Judgment, the TSSAA Constitution and Bylaws (which are contained in its Handbook and available on the TSSAA website) contain no reference to Title IX or other provision that could operate to assume controlling authority over any of its member schools, and therefore this argument fails as a matter of law.

Plaintiffs have not cited to any new or existing case law to support their assertions that Defendant was subject to Title IX by virtue of its tax-exempt status or receipt of Paycheck Protection Program ("PPP") loans in 2020. The only new argument advanced by Plaintiffs in their Response is contained in footnote 4, which states in relevant part:

> [I]f the minor Plaintiff was enrolled at the time Defendant was receiving federal money and therefore a direct recipient of federal financial assistance necessary for the application of Title IX, then the minor Plaintiff should be entitled to Title IX protections or, in other words, Defendant should be subject to Title IX as long as the minor Plaintiff is enrolled in its institution.

Response p. 9, fn. 4. Essentially, Plaintiffs ask the court to read in Title IX "requirements many years past the issuance of the limited and emergency PPP loan that [Defendant] received in 2020." *Gardner*

2

*v. Sage Ridge Sch.*, No. 3:24-CV-00403-CLB, 2025 U.S. Dist. LEXIS 114896, at *21 (D. Nev. Jun. 17, 2025). That argument was rejected by the *Gardner* court and other courts cited by Defendant in its Memorandum of Law in support of its original Motion for Summary Judgment, and runs counter to long-standing U.S. Supreme Court precedent, that "if Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously." *Pennhurst State Sch. & Hosp.*, 451 U.S 1, 36 (1981).

Plaintiffs' argument also conflicts with the plain language of Title IX, which applies the regulation to entities "receiving Federal financial assistance." As the Middle District of Tennessee has observed, "use of the word 'receiving'—the present participle of 'receive'—makes it unequivocally clear that the program or activity at issue must be receiving, or 'com[ing] into possession of,' such assistance." *Welch v. United Network for Organ Sharing*, 767 F. Supp. 3d 746, 778 (M.D. Tenn. 2025), *adhered to on reconsideration*, No. 3:24-CV-00422, 2025 U.S. Dist. LEXIS 46909, 2025 WL 824137 (M.D. Tenn. Mar. 14, 2025); *see also Buettner-Hartsoe v. Baltimore Lutheran High School Assoc.*, 96 F.4th 707, 711-712 (4th Cir. 2024).

Finally, Plaintiffs' creative legal argument fails on factual grounds, as the narrow period of time in in which Defendant received PPP loans (April 17, 2020 through June 30, 2020) corresponded to the period when the school "had to cease in-person operations during the lock-down procedures implemented during the early days of the COVID-19 global pandemic." Declaration of Benjamin Holland ¶¶ 6, 4 (Docket Entry No. 48-1). Plaintiffs have failed to provide any admissible proof that the minor Plaintiff was enrolled in the school during that time period, and indeed, no students could attend Defendant's school at that time period in which the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") provided emergency assistance to "businesses affected by the

3

Coronavirus Pandemic." Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20811 (Apr. 15, 2020); *see also Gardner*, 2025 U.S. Dist. LEXIS 114896 at *18.

### 3. The expulsion of the minor Plaintiff was justified and appropriate.

Finally, in their Response, Plaintiffs repeat their assertion that the minor Plaintiff made an *Alford* plea when prosecuted in Juvenile Court. However, the admissions of the minor Plaintiff to Benjamin Holland—some of which are repeated in the Declarations of the adult Plaintiffs—were sufficient to establish that the minor Plaintiff assaulted the complaining minor, and that expulsion was warranted under the 2023-2024 Providence Academy Student Handbook. *See* Declaration of Benjamin Holland ¶ 17 (Docket Entry No. 48-1). The ultimate outcome of the criminal proceeding was not determinative for the school to enforce its policies prohibiting "[a]buse of other student[s]" or "[a]ny form of physical assault." *See* Student Handbook (Docket Entry No. 48-6). Accordingly, even if Defendant was somehow subject to Title IX in 2024, its expulsion of the minor Plaintiff was justified, non-discriminatory, and appropriate.

### CONCLUSION

As the Court has observed, some of the legal issues in this case may be issues of first impression in the Sixth Circuit. Under the Scheduling Order in this matter, discovery is complete, and the issues are ripe for adjudication. This case is set for trial later this year, and the parties would benefit from a ruling on this motion. As such, Defendant prays that the Court dismiss all Plaintiffs' claims with prejudice.

4

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
1201 Demonbreun St., Suite 1000
Nashville, TN 37203.
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Arthur Knight, III
LAW OFFICE OF ARTHUR KNIGHT, III
3248 Tazewell Pike, Ste 103
Knoxville, TN 37918
arthur@arthurfknightlaw.com

*/s/ Peter Robison*
Peter C. Robison

5