**IN THE U.S. DISTRICT COURT**
**FOR THE EASTERN DISTRICT, TENNESSEE**
**AT GREENVILLE**

| | | |
|---|---|---|
| **LANCE AND CHRISTIANA TORBETT As biological parents and next friends of minor Plaintiff L.T.,** | ) | |
| **Plaintiffs,** | ) | **Case No.: 2:25-cv-00033** |
| **v.** | ) | **JURY DEMANDED** |
| **PROVIDENCE ACADEMY,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT PROVIDENCE ACADEMY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNRELATED BUSINESS LOSSES**

Defendant Providence Academy ("Defendant" or "Providence"), by and through counsel, move this Honorable Court *in limine* to exclude any testimony or evidence in the trial of this matter by Plaintiffs Lance and Christina Torbett, as biological parents and next friends of minor Plaintiff L.T. (collectively "Plaintiffs") regarding business losses unrelated to the claims in this matter.

As grounds for this motion, Defendant would show that Plaintiffs' Second Amended Complaint asserts only two claims: violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX") and breach of a Student Handbook agreement under Tennessee law. Plaintiff's earlier Complaint asserted other state law claims, including negligence, malicious prosecution, false imprisonment, and outrageous conduct. (Docket Entry No. 1.) However, in subsequent amendments, Plaintiffs have narrowed their claims to Title IX and breach of contract.

Defendant issued an Interrogatory to Plaintiffs regarding a calculation of damages, and Plaintiffs responded as follows:[1]

[1] The parties in this action entered into an Agreed Protective Order to help safeguard the identities and information of minor children involved in the circumstances of this lawsuit. If necessary to evaluate the pending motion, Defendant will submit a complete copy of the discovery responses under seal upon instruction from the Court.

9. Please separately itemize all damages you are claiming in this case, including the amount and the basis for each such amount.

**RESPONSE:**

| | |
|---|---|
| **Attorney Fee (from Criminal prosecution) – Estimate:** | **$ 15,000.00** |
| **Arthur F. Knight, III, Attorney Fee** | **$ To Be Determined** |
| **Loss of work and damage due to not being on site** | **$350,000.00** |
| **Emotional Damage** | **To be Determined** |
| **Counseling for minor Plaintiff** | **$ 2,000.00** |
| **Defamation for minor Plaintiff** | **To be Determined** |

Plaintiffs further provided the following basis for the claimed amount of $350,000 for "Loss of work and damage due to not being on site":

18. If you are seeking any lost income for you or the minor child, state each such claimant's taxable income for each of the preceding ten (10) years.

**RESPONSE: Objection. This interrogatory is overly broad, ambiguous and unduly burdensome. In the spirit of cooperation, see Response to Interrogatory No. 9 above. It has cost me (Plaintiff Lance Torbett) my company due to lost work during this time and service damages that had to be redone due to my absence. My absence and lost work is estimated to be $350,000.00. My loss of company soon is $150,000, the investment to get into the franchise. At this point, there will be fees to end the contract early but I am unsure at this time of what that fee will be.**

As the response to Interrogatory 18 makes clear, the amount of purported lost business is an alleged loss incurred by Plaintiff Lance Torbett and not the minor plaintiff L.T. However, Lance Torbett himself lacks standing to bring a Title IX claim, and only brought suit on behalf of his minor child. The Sixth Circuit has ruled that parents lack standing to bring a Title IX action on their own behalf. *Phillips v. Anderson County Bd. of Educ.*, 259 Fed. Appx. 842, 843 n.1 (6th Cir. 2008). Consequently, Plaintiffs may not seek damages for lost business or business interruption under their Title IX claim.

Similarly, to the extent that Plaintiffs still seek to assert a claim under a theory of breach of contract, damages for lost business by Lance Torbett are not part of a breach of the Providence Academy Student/Parent Handbook. If Plaintiffs had a special theory of why such damages should be available, they must have been specifically stated as required by Fed. R. Civ. P. 9(g). If the claims are based on another contract with another party, such contract has not been produced. Moreover, based on the interrogatory response, the damages appear to relate to a company that is not party to this action. In sum, the claimed amounts of $350,000 in damages are not part of this claim, and at best, are impermissibly speculative. *See*, *e.g.*, *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 901 (M.D. Tenn. 2018).

Accordingly, Defendants respectfully request the entry of an order excluding any argument, testimony, evidence, or discussion during trial regarding business losses by any of the Plaintiffs or their companies.

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
1201 Demonbreun, Suite 1000
Nashville, TN 37203
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Arthur Knight, III
LAW OFFICE OF ARTHUR KNIGHT, III
3248 Tazewell Pike, Ste 103
Knoxville, TN 37918
arthur@arthurfknightlaw.com

*/s/ Peter Robison*
Peter C. Robison