**IN THE U.S. DISTRICT COURT**
**FOR THE EASTERN DISTRICT, TENNESSEE**
**AT GREENVILLE**

| | | |
|---|---|---|
| **LANCE AND CHRISTIANA TORBETT As biological parents and next friends of minor Plaintiff L.T.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No.: 2:25-cv-00033** |
| | ) | **JURY DEMANDED** |
| **PROVIDENCE ACADEMY,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT PROVIDENCE ACADEMY'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED EXPERT TESTIMONY**

Defendant Providence Academy ("Defendant" or "Providence"), by and through counsel, move this Honorable Court *in limine* to exclude any expert testimony as to causation or damages in the trial of this matter by Plaintiffs Lance and Christina Torbett, as biological parents and next friends of minor Plaintiff L.T. (collectively "Plaintiffs").

As grounds for this motion, Defendant would show that Plaintiffs did not disclose any expert witnesses prior to the February 19, 2026 deadline imposed by the Court's Scheduling Order entered on May 27, 2025 (Docket Entry No. 22). Defendant served an interrogatory and requests for production on Plaintiffs seeking information regarding any expert witnesses, and they responded as follows:

9. Produce the resume or curriculum vitae of each and every person whom you have retained as an expert witness to testify at the trial of this cause.

**RESPONSE: At this time, no determination has been made with regard to any expert we expect to retain but will supplement this request accordingly.**

10. For each expert witness expected to testify at the trial of this case, produce copies of each and every record or document provided to such expert, all communications to or from that expert, and any report, study, memorandum, or similar document produced by that expert.

**RESPONSE: See response to Request No. 9 above.**

10. As to each person whom you expect to call as an expert witness or to offer any opinion testimony at the trial of this case, state the person's name, home address and business address; the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion (including experiments, lab tests or other tests conducted, if any); the witness's qualifications (including a list of all publications authored in the previous ten years), a list of all other cases in which, during the previous four years, the witness testified as an expert, and a statement of the compensation to be paid for the study and testimony in the case.

**RESPONSE: Plaintiffs have not yet made a determination of any expert witness they expect to retain. This response will be supplemented once a determination is made.**

Excerpts from Plaintiffs' Responses to Request for Production 9-10; Interrogatory 10.[1] As of the date of this filing, Plaintiffs have not supplemented those responses or otherwise disclosed any expert witness testimony, including any medical experts, education experts, business valuation experts, or other experts that could support their claimed damages. Accordingly, to the extent that Plaintiffs seek to introduce such testimony at trial, the same should be excluded.

[1] The parties in this action entered into an Agreed Protective Order to help safeguard the identities and information of minor children involved in the circumstances of this lawsuit. If necessary to evaluate the pending motion, Defendant will submit a complete copy of the discovery responses under seal upon instruction from the Court.

Respectfully submitted:

LEWIS THOMASON, P.C.

*/s/ Peter Robison*
Peter C. Robison, BPR #27498
1201 Demonbreun, Suite 1000
Nashville, TN 37203
Phone: 615-259-1343
probison@lewisthomason.com

*/s/ Mikel A. Towe*
Mikel A. Towe, BPR #32404
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37902
Phone: 865-546-4646
mtowe@lewisthomason.com

*Counsel for Defendant Providence Academy*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Arthur Knight, III
LAW OFFICE OF ARTHUR KNIGHT, III
3248 Tazewell Pike, Ste 103
Knoxville, TN 37918
arthur@arthurfknightlaw.com

*/s/ Peter Robison*
Peter C. Robison